FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
JAN 10 2000
DAVID J. MALAND
BY DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| RELIGIOUS TECHNOLOGY CENTER | § § | |
| VS. | § | CIVIL ACTION NO. 6:00 CV 503 |
| DELL LIEBREICH, individually and DELL LIEBREICH, as Personal Representative of the ESTATE OF LISA McPHERSON | § § § § | |

## ORDER

Before the Court is the Motion for Partial Summary Judgment brought by Plaintiff, Religious Technology Center. Plaintiff seeks partial summary judgment on the issue of liability on its claim for breach of contract and for a permanent injunction. After review of the motion and Defendant's response, the Court is ready to make its ruling.

## BACKGROUND

This case arises out of events which occurred in the State of Florida. The Estate of Lisa McPherson was opened in Clearwater, Pinellas County, Florida after the death of Lisa McPherson. Dell Liebreich, defendant herein, was named by the Pinellas County Court as the personal representative of the estate.

The dispute arises out of the Confidential Agreement which was entered into

1

between Dell Liebreich, as Personal Representative of the Estate of Lisa McPherson, and the Church of Scientology Flag Service Organization. The agreement relates to the wrongful death litigation brought by the Estate against The Church of Scientology, d/b/a Church of Scientology Flag Service Organization, Inc., Case No 97-01235 in the Florida State courts. The gist of the agreement is that the Church of Scientology agreed not to "transfer, encumber or otherwise alienate its interest in any of its real estate holdings, so that it retains sufficient real property to satisfy a potential judgment, if any, in the state court action" in return for the agreement of Dell Liebreich, as Personal Representative of the Estate of Lisa McPherson, to forego the intended amendment of her state court action naming "Churches of Scientology related entities, and/or their individual officers and directors...."  The agreement listed a number of Scientology related entities and organizations and contained the catch-all phrase "any other Scientology related entities and any officer, director, agent, or employee of the above...."

In December, 1999 Liebreich filed a motion to amend the complaint and to add as a party defendant David Miscavige, a person the Scientology parties claim is Chairman of the Board of Religious Technology Center.  Liebreich apparently disputes that Miscavige's exact connection to Scientology is as represented by RTC. At any rate, Liebreich claims she received court approval for the amendment from the

court in Florida, and attaches a transcript of the judge's finding on the subject, approving the amendment.

RTC brings suit alleging breach of contract against Liebreich as personal representative of the estate and for intentional interference with contract against Liebreich individually. The Court has previously dismissed the claims against Ms. Liebreich in her individual capacity. Only the breach of contract claim against Ms. Liebreich in her representative capacity remains.

## DISCUSSION

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir.1998). Issues of material fact are "genuine" only if they require resolution by a trier of fact and if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

When ruling on a motion for summary judgment, the court is required to view

all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Ragas,* 136 F.3d at 458.

To establish its entitlement to summary judgment as a matter of law, Plaintiff must direct the Court to pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits showing that no issue of material fact exists at least one of the elements on which Plaintiff bears the burden of proof at trial. Plaintiff asserts that with the filing of the Defendant's Fifth Amended Complaint, naming David Miscavige, a breach of the contract occurred. Plaintiff provides an affidavit of an expert, Frank K. Flinn, Adjunct Professor in Religious Studies at Washington University, St. Louis, Missouri, stating that Scientology is a religion and that the Sea Organization is a religious order within the Scientology religion. Mr. Flinn goes on to state that the Sea Organization is not a group of individuals acting in an organized way that controls the Churches of Scientology, but rather is a way of describing members' spiritual commitment and undertaking to serve and advance the Scientology religious faith. Thus, Plaintiff asserts that it is clear that David Miscavige is one of the "thousands of persons" who are within the class of beneficiaries/person protected from suit by the agreement, as defined by the words "officer, director, agent or employee." While referring to David Miscavige as "COB" of Religious

Technology Center, it is unclear exactly what the role of Mr. Miscavige is within the various organizations associated with the Church of Scientology.

Defendant counters this evidence with the ruling of the Florida court which held, after hearing testimony and argument, that David Miscavige could be sued in his capacity as a member of the Sea Organization without violating the agreement in question. The Florida judge held that the Sea Organization was not an entity and, therefore, not covered by the agreement. This court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. There remains a question of material fact for the jury to determine as to whether the naming of Mr. Miscavige in the amended complaint, after authorization by the Florida Court to do so, was a breach of the contract. For the foregoing reasons, the Court finds that Plaintiff has failed to show that it is entitled to judgment as a matter of law. Accordingly,

IT IS ORDERED that the Motion for Partial Summary Judgment and for injunction brought by Plaintiff, Religious Technology Center (doc. # 16) is DENIED.

SIGNED this _____ day of January, 2001.

JOHN HANNAH, JR.
UNITED STATES DISTRICT JUDGE