IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| RELIGIOUS TECHNOLOGY CENTER | § § | |
| VS. | § | CIVIL ACTION NO. 6:00 CV 503 |
| DELL LIEBREICH, as Personal Representative of the ESTATE OF LISA McPHERSON | § § § | |

## ORDER

Before the Court is the Defendant's Motion to Transfer Venue for Forum Non Conviens (doc. # 55). After review of the motion and Plaintiff's response, it is the opinion of the Court that the motion is not well taken and should be DENIED.

In the Court's previous order on this issue, Defendant was advised that the motion to transfer venue was denied because Defendant had failed to supply the Court with any "affidavits or other proof containing any factual statements supporting her grounds for requesting a transfer." In Defendant's present motion, she attaches Defendant's Initial Disclosure and Plaintiff's First Amended Initial Disclosures. Defendant discloses eight witness, three of whom reside in Florida[1], one who resides in Texas, one who resides in Ohio, two who reside in New York,

---

[1] One of these witnesses from Florida is a court reporter. That a court reporter would be a genuine fact witness seems unlikely.



and one who resides in California. In Plaintiff's disclosure, eight witnesses are listed; four from Florida, three from Texas, and one from California.

In determining whether to grant a transfer of venue under § 1404(a), the Court must consider "all relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." 15 CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, *FEDERAL PRACTICE & PROCEDURE*, § 3847 AT 370 (1986) *See Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989), *cert. denied*, 493 U.S. 935 (1989).

The party moving for a change of venue bears the burden of demonstrating why the forum should be changed. *Time, Inc. v. Manning*, 366 F.2d 690 (5th Cir. 1966). Plaintiff's privilege to choose, or not to be ousted from his chosen form, is "highly esteemed." *Id.* at 698. In this case, Plaintiff chose to file this action in the Eastern District of Texas, Tyler Division. Defendant, as movant, bears the burden of proving that allowing this action to proceed in the Eastern District of Texas, as opposed to the Middle District of Florida, exceeds the bounds of fairness, convenience and judicial economy. *See Texas Instrument, Inc. v. Micron Semiconductor*, 815 F.Supp. 994, 996 (E.D. Tex. 1993). Plaintiff's choice of forum should not be disturbed except upon a strong showing that the balance of convenience weighs heavily in defendant's favor. *Gulf Oil Corp. v. Gilbert*, 330

U.S. 501, 508 (1947).

Plaintiff has again failed to support her motion with any affidavits, documents or other verified proof that this forum is inconvenient. While the parties list of persons who have knowledge of the matters at issue as made in the parties initial disclosures is some evidence, no affidavits from any of the witnesses were submitted stating that Texas is an inconvenient forum. Further, it is evident that numerous witnesses also reside in Texas as well as in other states, some of whom are beyond the subpoena power of either the Texas or Florida court. Defendant has failed to make a strong showing that the balance of convenience weighs heavily in Defendant's favor. Accordingly,

IT IS ORDERED that Plaintiff's Motion to Transfer Venue for Forum Non Conviens (doc. # 55) is DENIED.

SIGNED this 13th day of March, 2001.

JOHN HANNAH, JR.
UNITED STATES DISTRICT JUDGE