IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RELIGIOUS TECHNOLOGY CENTER | § § | |
| VS. | § | CIVIL ACTION NO. 6:00 CV 503 |
| DELL LIEBREICH, as Personal Representative of the ESTATE OF LISA McPHERSON | § § § | |

## ORDER

On March 1, 2002, the Court held a Show Cause Hearing at which Plaintiff was given the opportunity to be heard on the matter of whether a sanction should be imposed due to Plaintiff's violation of the Local Rules and the Federal Rules of Civil Procedure that were in effect at the time this case commenced and that governed this trial: specifically whether full disclosure was made to Plaintiff regarding certain records concerning attorneys' fees. Plaintiff appeared through counsel and Defendant appeared through local counsel.

The Plaintiff argued that the new rules affecting cases filed after December 1, 2000 did not require such disclosure, that the defendants were aware of such records and therefore were not harmed, that Plaintiff acted in good faith, and that the jury was apprized of the failure to disclose and punished Plaintiff by cutting its award on the Paul, Hasting's bill in half.

After hearing the arguments of counsel and reviewing the record and the brief submitted by Plaintiff, the Court finds as follows:

The April 17, 2000 Order of the Supreme Court instituting the new rules states that the amendments "shall take effect on December 1, 2000, and shall govern all proceedings in civil cases thereafter commence and, insofar as just and practicable, all proceedings in civil cases then pending." The record is clear that this case commenced prior to the December 1, 2000 amendments to the Federal Rules of Civil Procedure, the parties were notified by the Clerk of this Court that the case had been assigned to Track Three under those rules, and that there was no order from this Court notifying the parties that the new rules would apply.

Notwithstanding the above, when Plaintiff made its disclosures subsequent to December 1, 2000, in the introductory paragraphs to their disclosures, they quoted the new rule, thus notifying the Defendant that the disclosures were being made according to the new rule. The correspondence dated January 18, 2001 from Plaintiff's attorneys to the Defendant's attorneys shows that Defendant was notified of "internal time entries" and therefore Plaintiff was on notice that such documentation existed. No complaints to Plaintiff's application of the new rule were made by the Defendant, although other complaints about Plaintiff's disclosures were the subject of motions by Defendant.

The Court commented before the jury its feeling that the Plaintiff had not made adequate disclosure concerning the legal fees sought by the Paul, Hastings law

firm. The jury, while awarding the other firms the exact amount prayer for in one case and very nearly the amount requested in the second case, divided the amount of fees requested by the Plaintiff for legal work done by the Paul, Hastings law firm by half, showing that the jury considered the Court's comments about Plaintiff's duty of disclosure.

Therefore, the Court finds that Plaintiff has shown good cause that no further sanction is warranted for its failure to disclose its internal time records because the disclosure done under the new rule was done in good faith and there has been no harm shown by the Defendant. However, the Court notes that Plaintiff has violated Local Rule 47 which prohibits an attorney from conversing with members of the jury after a verdict is rendered without leave of Court.[1] For this infraction, the Court imposes a fine of three thousand ($3,000.00) to be paid into the Registry of the Court within ten (10) days of this Order unless Plaintiff wishes to file a brief contesting this fine. In that case, the brief is due within ten (10) days from the entry of this Order.

SIGNED this _____ day of March, 2002.

JOHN HANNAH, JR.
UNITED STATES DISTRICT JUDGE

---

[1] See also Federal Rule of Evidence 606.