FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

MAY 2 2 2002

DAVID J. MALAND, CLERK
BY
DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RELIGIOUS TECHNOLOGY | § | |
| CENTER | § | |
| | | |
| VS. | § | CIVIL ACTION NO. 6:00 CV 503 |
| | | |
| DELL LIEBREICH, as Personal | § | |
| Representative of the ESTATE OF | § | |
| LISA McPHERSON | § | |

## MEMORANDUM AND ORDER AWARDING COSTS INCLUDING

## ATTORNEYS' FEES

Before the court is Plaintiff's Motion for Costs and Attorneys' Fees (doc. #

144). The court has considered Plaintiff's Motion and Memorandum of Law in

Support, Supporting Affidavits, and Defendants' Response and Memorandum of

Law, and the Plaintiff's Reply.

Under Paragraph 15 of the Confidential Agreement between the Defendant

and the Church of Scientology Flag Service Organization, the prevailing party is

entitled to attorneys' fees and costs in the event of a breach of the agreement. The

court has previously found that Defendant breached the agreement, as a matter of

law, and the jury awarded Plaintiff damages for the breach which consisted of the

1

major portion of attorneys' fees which were incurred by Plaintiff in defending the case Defendant brought against David Miscavige in violation of the Confidential Agreement.

Plaintiff requests a total of $549,015.84 in attorneys' fees and $44,136.00 in expenses and costs. Plaintiff also requests that these fees and costs be assessed against Plaintiff's attorneys, Thomas and Kennan Dandar, pursuant to 28 U.S.C. § 1927, due to the Dandars multiplying the proceedings unreasonably and vexatiously. Plaintiff submits evidence tending to show that the decision to sue Mr. Miscavige, in violation of the agreement between the parties, was made by Kennan Dandar, rather than by Dell Liebreich[1], the personal representative of the Estate of Lisa McPherson, and therefore, Plaintiff avers that the entire amount claimed should be awarded against the Dandars personally, rather than against their client, Dell Liebreich, in her representative capacity.

Defendant counters that Plaintiff, as a third party beneficiary of the contract, is not entitled to attorneys' fees under Florida law, that Plaintiff was required to prove all of its damages at the trial, and that Plaintiff's conduct in this case was not blameless and therefore, no award of fees against the Dandars is warranted

---

[1]Plaintiff also avers that Dandar suborned perjury by having Ms. Liebreich testify at her deposition that she made the decision when later evidence indicates Kennan Dandar made the decision.

2

pursuant to 28 U.S.C. § 1927. Defendant also argues that the attorneys' fees sought are excessive and that the witness fees are limited to $40.00 per day.

## DISCUSSION

The court has reviewed the case law cited by Defendant to support her argument that a third party beneficiary is not entitled to attorneys' fees as a prevailing party. The cases cited are inapplicable to the facts in this case as they concern Florida statutory law concerning insurance cases. Obviously, Plaintiff is not basing its claim for attorneys' fees and costs on a Florida statute concerning insurance. Defendant has cited no authority that a third party beneficiary under a contract cannot recover attorneys' fees pursuant to that contract. Florida law, which governs this case, supports the right of a third party to enforce a contract made directly for its benefit and holds that a third party beneficiary is entitled to those rights created or duties imposed in its favor. *Shaffer v. Wells Fargo Guard Services,* 528 So. 2d 389 (Fla App. D3 1988), affirmed on reh. and review den. 534 So.2d 401 (Fla.). Therefore, it is clear that Plaintiff is entitled under the terms of the contract to recover attorneys' fees and costs as the prevailing party in this suit.

Attorneys' fees:

The calculation of attorney's fees involves a well-established process. First, the court calculates a "lodestar" fee by multiplying the reasonable number of hours

3

expended on the case by the reasonable hourly rates for the participating lawyers. This process is identical under both Florida law and federal law. *See Florida Patient's Compensation Fund v. Rowe,* 472 So.2d 1145, 1146 (Fla. 1985) (adopting the federal lodestar approach for computing reasonable attorney fees); *Louisiana Power & Light Co. v. Kellstrom,* 50 F.3d 319, 324 (5th Cir.1995).

The first step in determining the amount of attorneys' fees to award is to determine the compensable hours from the attorneys' time records, including only hours reasonably spent. *Florida Patient's Compensation Fund,* 472 So.2d at 1150. The second step is to select an appropriate hourly rate based on prevailing community standards for attorneys of similar experience in similar cases. *Id.* at 1151. The party seeking the fees has the burden of establishing the prevailing "market rate," *i.e.,* the rate charge in the community by lawyers of reasonably comparable skill, experience and reputation, for similar services. *Id.*   The number of hours reasonably expended  is then multiplied by the selected hourly rate to produce the "lodestar" amount. *Id.*

The court then considers whether the lodestar figure should be adjusted upward or downward depending on the circumstances of the case.  *Id.*  In making a lodestar adjustment the court should look to twelve factors, known as the *Johnson* factors, after *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714

4

(5th Cir.1974). The factors are: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 717-19.[2]

Four of the factors, novelty and complexity of issues, special skill and experience of counsel, quality of representation, and results obtain from the litigation, are subsumed in the initial lodestar calculation and should not be double counted. *Shipes v. Trinity Industries*, 987 F.2d 311, 320 (5th Cir.1993).

Compensable hours "reasonably spent":

The first step in determining the amount of attorneys' fees to award is to determine the compensable hours from the attorneys' time records, including only hours reasonably spent. The Plaintiff employed three law firms to represent it in

---

[2] The Supreme Court of Florida expressly adopted the standards set in *Johnson v. Georgia Highway Express, Inc.* in *Florida Patient's Compensation Fund,* 472 So.2d at 1150.

5

this case. The firm of Paul Hastings Janofsky & Walker, LLP ("Paul Hastings") billed the Plaintiff for 550.7 hours, the firm of Jenkens & Gilchrist billed for 785.2 hours, and the firm of Sammons & Parker, local counsel, billed for 223 hours, a total of 1,558.9 hours.[3] Plaintiff has reduced the amount requested somewhat by subtracting various matters from the bills, for example the time the attorneys billed on the tortious interference claim and time which Mr. Rosen spent in trial as a witness rather than as counsel.

While the court agrees that a significant portion of the number of hours spent by Plaintiff's counsel on this simple breach of contract case was due to the repeated, frivolous arguments made by defense counsel in needless and pointless motions, the court does not accept that all of the hours billed were necessary. There was no need to have three law firms duplicating work on a simple case wherein the court found the liability issue on summary judgment for Plaintiff before trial. Numerous, overly zealous arguments were advanced by Plaintiff in needlessly voluminous fashion in response to weak, frivolous, and brief motions of Defendant. Also it appears there was much billing for conferences between attorneys at the different firms, rereading of pleadings by three different sets of lawyers, and some needless duplication. The court finds that the amount of time

---

[3]These figures are as of the filing of Plaintiff's Motion of April 4, 2002.

expended by counsel in conducting this litigation was not always reasonable and did not always reflected sound legal judgment under the circumstances. *Hensley v. Eckerhart,* 461 U.S. 424, 436, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983)). The court finds that Plaintiff's counsel in this case, did not exercise sound 'billing judgment' with respect to all of the hours worked. 461 U.S., at 437, 103 S.Ct., at 1941.   Accordingly, the court finds that the number of hours reasonably expended by Plaintiff's counsel in this case as follows: the Paul Hastings firm, 440 hours; the Jenkens and Gilchrist firm, 628 hours, and the Sammons & Parker firm 178 hours.

The "prevailing market rate:"

The party seeking the fees has the burden of establishing the prevailing "market rate," *i.e.,* the rate charge in the community by lawyers of reasonably comparable skill, experience and reputation, for similar services. *Id.*   The hourly rates charged by the lead attorneys from each firm in this case range from $575.00 per hour for Mr. Samuel D. Rosen[4] of Paul Hastings, $450.00 for Mr. Charles A. Gall[5] of Jensen & Gilchrist, to $225.00 for Mr. Jack Walker[6] of Sammons &

---

[4]Mr. Rosen's hourly fees rose during the pendency of this suit from $550.00 to $575.00.

[5]Mr. Gall's hourly fee rose twice during this case, from $375.00, to $410.00, to $450.00.

[6]Mr. Walker's hourly fee rose from $200.00 to $225.00.

7

Parker.   In addition, hourly rates billed to Plaintiff of associates and paralegals of these firms ranged from $110.00 to $400.00 per hour.

The court has reviewed the testimony during trial regarding prevailing market rates in the community, as well as affidavits submitted with Plaintiff's current motion.   The court also takes notice of the Median Hourly Rates by Region for the year 2000 recently published by the Texas Bar Association.[7]

While the Plaintiff did produce evidence supporting the rates Mr. Rosen in this case, the evidence  supporting the rates charged Mr. Gall or Mr. Walker consist of advertisements sent out on the internet regarding their firms, affidavits of interested parties, and/or resumes.   While this evidence does tend to show a good deal of experience and expertise on the part of Mr. Gall and Mr. Walker, there is insufficient evidence as to the "prevailing market rate" for attorneys of their degree of training and experience. Resumes of some associates, such as Jeffrey  Crouch, are also included, but again, there is no objective evidence of the "prevailing market rate" for an attorney of this degree of training and experience.   Only affidavits from interested parties is provided concerning these attorneys and various unnamed junior associates and paralegals.   The court finds the Plaintiff has

---

[7]This survey found that the median hourly rate for the Dallas-Fort Worth area for 2000 was $190.00 per hour and for non-metropolitan counties, the median hourly rate was $150.00. "Texas Bar Journal," Vol. 65, Number 5, May 2002, page 482.

failed to supply sufficient objective evidence to show that the rates billed by the Jenkens & Gilchrist and Sammons & Parker firm and for the associates in the Paul Hastings firm  correspond with the "prevailing market rate" for attorneys, junior associates, and paralegals in this community, and are, therefore reasonable.

Accordingly, the Court finds  the reasonable  hourly rate for counsel in this case to be as follows: $500.00  per hour for the hours billed by Samuel Rosen of the Paul Hastings firm and $190.00 for associates[8] of that firm;  $400.00 the billable hours of Charles Gall from the Jenkens & Gilchrist firm, and $190.00 for associates[9] of that firm;  and $195.00 for the Sammons & Parker firm.

Next the Court must multiply the number of hours reasonably spent by the reasonable rate.

The Court finds that of the hours billed by Samuel Rosen, of the Paul Hastings firm, 198 hours were reasonably expended by for Mr. Rosen at $450 per hour.  The Court further finds that an additional 242  hours were spent by

---

[8]This rate is based largely upon the well know high cost of living and wages in New York City, where the Paul Hastings firm is located.

[9]This rate is based upon the fact that most of the work done by associates of this firm was done by Jeffrey Crouch, an senior attorney of considerable experience.

9

associates of the Paul Hastings firm at a reasonable rate of $190 per hour[10], giving a total award for the work of the Paul Hastings firm in the amount of $144,980.00.

The court finds that of the hours billed by Charles Gall of the Jenkins & Gilchrist firm, 136.4 hours were reasonably spent at $400.00 per hour. The Court finds that the firm of Jenkins & Gilchrist reasonably spent an additional 491.6 hours of associates time, at a prevailing market rate of $190.00 per hour. This results in an award of  $147,964.00 in attorneys' fees for the work done by the Jenkins & Gilchrist firm.

The court finds that the Sammons and Parker firm reasonably expended 178 hours at a prevailing market rate of $195.00 per hour, resulting in an award for the work done by that firm in the amount of $34,710.00.

Thus, calculation of the lodestar amount results in a total  $327,654.00.[11] The court finds no reason to adjust the lodestar amount either upwards or downwards.

The three law firms include litigation expenses as part of their request for attorneys' fees and costs under the prevailing party clause of the contract.  The

---

[10]The Court was provided with no evidence as to the "prevailing market rate" of the work done by the associates of the Paul Hastings firm.

[11] $144,980.00 for the Paul Hastings firm; $147,964.00 for the Jenkens & Gilchrist firm; and $34,710.00 for the Sammons & Parker firm.

court finds that the litigation expenses sought do not fall within the contract language under consideration and, therefore, are not recoverable.

Costs:

The court finds Plaintiff's documentation of its costs to be sufficient to justify an award of the total amount sought and therefore awards to Plaintiff $10,675.00 in costs.

Plaintiff's 28 U.S.C. § 1927 request:

The court finds that Plaintiff's request to have Defendant's attorneys sanctioned pursuant to 28 U.S.C. § 1927 is well taken in part. These proceedings were unnecessarily and vexatiously multiplied by arguments repeated over and over again by the defense after their merit was initially found lacking by the court early in the litigation. The court finds the conduct of Thomas and Kennan Dandar in filing these repeated, frivolous motions to be both unreasonable and vexatious. However, the Court also finds that Plaintiff's litigation posture in this case was overzealous and that Plaintiff advanced strident and specious arguments in its characteristic "overkill" mode of conducting this litigation. This action was also was vexatious and unnecessarily complicated this case. Accordingly, the court orders that 30% of the attorneys' fee award to be paid by Thomas and Kennan Dandar as a sanction for their unreasonable and vexatious conduct.

11

# CONCLUSION

**IT IS ORDERED**

that Plaintiff is awarded  $327,654.00 in attorneys' fees, $98,296.00 of

which is to be paid by Thomas and Kennan Dandar personally pursuant to 28

U.S.C. § 1927 as a sanction for their vexatious conduct which unnecessarily

complicated this case.

that Plaintiff is awarded $10,675.00 in costs.

SO ORDERED this _____22 nd_____ day of May, 2002.


JOHN HANNAH, JR.
UNITED STATES DISTRICT JUDGE

12