# ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

SEP 1 2 2003

DAVID J. MALAND, CLERK
BY
DEPUTY

RELIGIOUS TECHNOLOGY CENTER,

    Plaintiff,

v.                    CASE # 6:00CV503

DELL LIEBREICH as Personal
Representative of the ESTATE OF
LISA McPHERSON,

    Defendants.

_____/

## DEFENDANTS' MOTION FOR ATTORNEYS' FEES, COSTS, SANCTIONS, WITH MEMORANDUM OF LAW

COMES NOW the Defendant, DELL LIEBREICH, individually, and as the Personal Representative of the Estate of Lisa McPherson, by and through her undersigned attorney, and hereby files her Motion for Attorneys' Fees and Costs, and as grounds therefore states as follows:

1.    The contract provides that "the prevailing party shall be entitled to attorneys' fees and costs." This court has previously held in a motion filed by RTC, that the subject contract provides for prevailing party attorneys' fees.

2.    Based upon the decision of the appellate court, and the previous order of this court, the Defendants are the prevailing party in this action.

3.    Based upon the appellate court holding this court lacks jurisdiction, 28 U.S.C. §1919 applies, and the Defendants are entitled to more than regular taxable costs; the statute provides for the recovery of "just costs."

Page 1 of 10

4.   The Defendant's counsel was hired by the Defendant to represent the Estate of Lisa McPherson in a wrongful death action and was engaged on a contingency fee basis. This lawsuit was a spinoff of the wrongful death lawsuit and counsel would not be paid unless there is a recovery in the wrongful death suit, or an award by the court. The Estate has no asset except the pending wrongful death action.

5.   This court has previously held that RTC's counsel were vexatious and multiplied these proceedings. In fact, this court held that RTC and its counsel operated in "overkill mode." This court held that the argument presented by RTC were strident and specious. Although RTC sought over $500,000.00 in prevailing attorney's fees, (for presenting this case claiming damages consisting of attorneys' fee of over $300,000.00), this court reduced the prevailing party attorney's fees by $200,000.00 presumably due to either unreasonable or excessive fees, or as a sanction pursuant to 28 U.S.C. §1927.

6.   As a result of the appellate decision, which is now the law of the case, it is indisputable that this entire case was vexatious and an abuse of process. As a sole result of RTC's counsel persuading this court that it had jurisdiction over Dell Liebreich in her personal representative capacity, this court needlessly expended judicial labor and the Defendants incurred unnecessary attorneys' fees and costs. The *entire* case was a multiplicity of any litigation between the parties.

### Memorandum of Law

**Prevailing party attorneys' fees pursuant to contract, as a matter of law**

Federal courts in the Fifth Circuit enforce a valid contractual fee-shifting provision as an exception to the American rule. *Resolution Trust Corp. v. Marshall*, 939 F.2d 274

(5th Cir. 1991) (enforcing fees provision of guaranty agreement). In a diversity action, the award of attorneys' fees is governed by state law. *Northwinds Abatement Co. v. Employers Ins. of Wausau*, 258 F.3d 345, 353 (5th Cir. 2001).

**Florida Law**

Although this lawsuit was brought in Texas, the breach of contract action was brought under Florida law, and this court has previously held in its October 20, 2000 order that Florida law governs the interpretation and enforcement of the contract. Under Florida law, it is error as a matter of law for a court not to award attorneys' fees where the contract in suit contains a prevailing party provision. *Remarc Homes, Inc. v. Kumar*, 616 So.2d 498, 499 (Fla. 5th DCA 1993); *Blue Lakes Apts, Inc. v. George Gowing, Inc.*, 464 So.2d 705, 709 (Fla. 4th DCA 1985); *Richmond v. Lumb*, 339 So.2d 1147 (Fla. 3d DCA 1976). Further, the prevailing defendant in a breach of contract action is entitled to prevailing party attorneys' fees. §57.105(7), *Fla. Stat.* This statute renders bilateral, a unilateral contractual clause for prevailing party attorney's fees. *Indemnity Insurance Co. of North America v. Chambers*, 732 So.2d 1141 (Fla. 4th DCA 1999).

There can be no dispute that DELL LIEBREICH is the prevailing party in this litigation. As such, she is entitled to an award of attorney's fees and costs pursuant to paragraph 15 of the contract, as a matter of law.

In determining a reasonable fee award under Florida law, the factors to be followed by this court are listed in Florida Rules of Professional Conduct 4-1.5(b), as established in *Florida Patients Compensation Fund v. Rowe*, 472 So.2d 1145 (Fla. 1985).[1]

> (1) The time and labor required, the novelty and difficulty of the question involved, and the skill requisite to perform the legal service properly.
> (2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
> (3) The fee customarily charged in the locality for similar legal services.

---

[1] These factors are essentially the same as those considered by the federal courts in setting reasonable attorneys' fees for federal claims. See *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974). The United States Supreme Court has sanctioned the use of the Johnson factors by federal courts faced with federal claims. See *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). *Florida Patients Compensation Fund v. Rowe*, 472 So.2d at 1150. These factors can be found in Rule 4-1.5, Rules Regulating The Florida Bar, as follows: (B) Factors to be considered as guides in determining a reasonable fee include the following:
(1) The time and labor required, the novelty, complexity, and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) The likelihood that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) The fee, or rate of fee, customarily charged in the locality for legal services of a comparable or similar nature;
(4) The significance of, or amount involved in, the subject matter of the representation, the responsibility involved in the representation, and the results obtained;
(5) The time limitations imposed by the client or by the circumstances and, as between attorney and client, any additional or special time demands or requests of the attorney by the client;
(6) The nature and length of the professional relationship with the client;
(7) The experience, reputation, diligence, and ability of the lawyer or lawyers performing the service and the skill, expertise, or efficiency of effort reflected in the actual providing of such services; and
(8) Whether the fee is fixed or contingent, and, if fixed as to amount or rate, then whether the client's ability to pay rested to any significant degree on the outcome of the representation.

(4) The amount involved and the results obtained.
(5) The time limitations imposed by the client or by the circumstances.
(6) The nature and length of the professional relationship with the client.
(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
(8) Whether the fee is fixed or contingent.

The first step in the lodestar process requires the court to determine the number of hours reasonably expended on the litigation. The "novelty and difficulty of the question involved" should normally be reflected by the number of hours reasonably expended on the litigation.

The second half of the equation, which encompasses many aspects of the representation, requires the court to determine a reasonable hourly rate for the services of the prevailing party's attorney.

The number of hours reasonably expended, multiplied by a reasonable hourly rate, produces the lodestar, which is an objective basis for the award of attorney fees. Once the court arrives at the lodestar figure, it may add or subtract from the fee based upon a "contingency risk" factor and the "results obtained." *Rowe*.

Defendants will file under separate cover itemization of attorney fees and costs, along with affidavits reflecting same.

Because an attorney working under a contingent fee contract receives no compensation when his client does not prevail, he must charge a client more than the attorney who is guaranteed remuneration for his services. **When the prevailing party's counsel is employed on a contingent fee basis, the trial court must consider a contingency risk factor when awarding a reasonable attorney fee.** *Rowe*. In

contingent fee cases, the lodestar figure calculated by the court is entitled to enhancement by an appropriate contingency risk multiplier in the range from 1 to 2.5.

The trial court should consider the following factors in determining whether a multiplier is necessary: (1) whether the relevant market requires a contingency fee multiplier to obtain competent counsel; (2) whether the attorney was able to mitigate the risk of nonpayment in any way; and (3) whether any of the factors set forth in *Rowe* are applicable, especially, the amount involved, the results obtained, and the type of fee arrangement between the attorney and his client. Evidence of these factors must be presented to justify the utilization of a multiplier. The Florida Supreme Court found that the multiplier is a useful tool which can assist trial courts in determining a reasonable fee in cases when a risk of nonpayment is established. If the trial court determines that success was more likely than not at the outset, it may apply a multiplier of 1 to 1.5; if the trial court determines that the likelihood of success was approximately even at the outset, the trial judge may apply a multiplier of 1.5 to 2.0; and if the trial court determines that success was unlikely at the outset of the case, it may apply a multiplier of 2.0 to 2.5. *Standard Guaranty Insurance Co. v. Quanstrom*, 555 So.2d 828, 834 (Fla. 1990).

Based upon *Rowe* and *Quanstrom*, the Defendants are entitled to a multiplier of 2.5.

**Texas Law**

Given the fact that RTC and its counsel chose to bring this action in the state of Texas, if this court would apply Texas law, the Defendant is entitled to recover reasonable attorney's fees incurred in defending the breach of contract action. *Mundy v. Knutson Construction Company*, 294 S.W.2d 371 (Tex. 1956) (where it is held that the parties

contemplated suit for breach of the contract and attorney's fees incurred as an expense of the suit, prevailing defendant is entitled to attorney's fees).

**Federal Law**

As previously conceded by RTC, the Supreme Court has ruled, "contractual authorization for the taxation of the expenses of a litigant's witness as costs" is an exception to the rule that witness costs are limited by 28 U.S.C. §§ 1821 and 1920. *Crawford Fitting Co., v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445, 107 S.CT. 2494, 2499 (1987). Therefore, the Defendant is entitled to all expenses incurred by her in requiring to hire Robert Persante in this matter. This cost is also a "just cost" as encompassed by 28 U.S.C. §1919.

The Defendants are entitled to "just costs" pursuant to 28 U.S.C. §1919 based upon the finding that this court lacked personal jurisdiction. "Just costs" includes attorneys' fees where there is a statute or contract which provides for prevailing party attorneys' fees.

> The district court has the power to award sanctions sua sponte pursuant to Rule 11 and its inherent powers. See Rule 11(c)(1)(A) and (B); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980) (Inherent powers). It also has the power to impose sanctions after it has determined that it has no subject matter jurisdiction. See *Willy v. Coastal Corp.*, 503 U.S. 131, 137-38 (1992).

*Kloberdanz v. Martin*, 203 F.3d. 831 (9th Cir. 1999).

The Defendant is also entitled to attorneys' fees for time expended in bringing this motion and for any challenge to the fees and costs which may be brought by RTC. *Cruz v. Hauck*, 762 F.2d 1230, 1233 (5th Cir. 1985) ("It is settled that a prevailing plaintiff is

entitled to attorney's fees for the effort entailed in litigating a fee claim and securing compensation.").

As to Dell Liebreich, individually, because this court granted her Motion to Dismiss, and more importantly, because she prevailed on appeal due to a lack of jurisdiction, she is also entitled to attorneys' fees and just costs in the district court and the circuit court,[2] particularly when RTC sought the same attorneys' fees and costs against her.

## 28 U.S.C. §1927

Although the Defendant is entitled to its damages directly from the Plaintiff, the court may also desire to consider the actions of the Plaintiff's counsel in deliberately hailing the Defendant into this court and then wrongfully persuading this court that jurisdiction was proper by flaunting that the Plaintiff was represented by national law firms and that the two-man law firm representing the Defendant did not know federal law.

When the entire course of proceedings were unwarranted and should neither have been commenced nor persisted in, an award under 28 U.S.C. § 1927 for the entire financial burden of an action's defense is warranted. *Browning v. Kramer*, 931 F.2d 340, 345 (5th Cir.1991). Under §1927, those fees and costs associated with "the persistent prosecution of a meritless claim" may be awarded. *Thomas v. Capital Sec. Serv., Inc.*, 836 F.2d 866, 875 (5th Cir.1988) (en banc). RTC's filing of this case in this court, its unending

---

[2]Had RTC brought suit only against Dell Liebreich, individually, this court had personal jurisdiction over her as stated by the Fifth Circuit. However, that jurisdiction was destroyed by RTC vexatiously adding the Estate as a defendant.

fight on jurisdiction, and now its renewed Motion for §1927 sanctions against defense counsel, evidences RTC's counsel "persistent prosecution of a meritless claim."

This court has held that **"Plaintiff's litigation posture in this case was overzealous and that Plaintiff advanced strident and specious arguments in its characteristic "overkill" mode of conducting this litigation. This action was also was vexatious and unnecessarily complicated the case."** RTC's counsel filed "numerous, overzealous arguments...in needlessly voluminous fashion."

RTC has a history of frivolous litigation. *Religious Technology Center v. Scott*, 82 F.3d 423 (9th Cir. 1996) (attorney fees award of nearly $2.9 million in favor of Scott and against RTC for abuse of the federal court system by using it to destroy its opponents, rather than to resolve an actual dispute over a legal matter, through massive over-litigation); *Religious Technology Center v. Lerma*, 908 F.Supp. 1353, 1360-61 (E.D. Va. 1995) (court reasoned that the lawsuit was to attack Scientology critics); *Religious Technology Center v. Gerbode*, 1994 WL 228607 (C.D.Ca. 1994) (Rule 11 sanctions against RTC for filing a frivolous and objectively unreasonable suit).

RTC and its counsel used this court as a vehicle to attack the Defendant and its counsel in an effort to derail the pending Florida wrongful death case. RTC and its counsel need to be given a clear message from this court that these improperly motivated lawsuits will not be tolerated by the federal courts.

**Rule 11**

The Defendants served motion under Rule 11 shortly after this case was filed, and after complying with the safe harbor provision. RTC's action of filing this lawsuit with

jurisdiction makes RTC and its counsel liable for Rule 11 sanctions. *Howell v. Supreme Court of Texas*, 885 F.2d 308 (5th Cir. 1989), *cert. denied*, 496 U.S. 936 (1990) (filing a suit over which the court did not have jurisdiction and for purposes of harassment and delay is a violation of Rule 11).

The Defendant's counsel certifies that he has discussed this motion with Jeffrey Crouch who advised that his client does oppose this motion.

WHEREFORE, DELL LIEBREICH, requests this court to grant the Defendant's Motion for Attorney Fees and Costs, impose sanctions against Plaintiff's counsel, and grant Defendant other relief as the court may deem just in the premises.

I HEREBY CERTIFY that a copy of the foregoing has been furnished by U. S. Mail this _____ day of September, 2003 to Charles A. Gall, Esq., 1445 Ross Avenue, Suite 3200, Dallas, Texas 75202, Jerry C. Parker, Esq., 218 North College, Tyler, Texas 75702, and Samuel D. Rosen, Twelfth Floor 75 East 55th Street, New York, New York 10022.

_____
THOMAS JOHN DANDAR, ESQ.
DANDAR & DANDAR, P.A.
Post Office Box 24597
Tampa, Florida 33623-4597
813-289-3858/ fax 813-287-0895
Florida Bar No.: 434825
Defendant's attorney-in-charge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

RELIGIOUS TECHNOLOGY CENTER,

    Plaintiff,

v.                             CASE # 6:00CV503

DELL LIEBREICH as Personal
Representative of the ESTATE OF
LISA McPHERSON,

    Defendants.

_____/

## DEFENDANTS' NOTICE OF FILING AFFIDAVITS
## AND DOCUMENTATION IN SUPPORT OF THEIR MOTION
## FOR ATTORNEYS' FEES

COMES NOW the Defendant, DELL LIEBREICH, individually, and as the Personal

Representative of the Estate of Lisa McPherson, by and through her undersigned attorney,

and hereby files affidavits and itemized attorneys' time records of Dandar & Dandar, P.A.

and Potter Minton, P.C. in support of her Motion for Attorneys' Fees and Costs.

The total lodestar fees by Dandar & Dandar, P.A. in the district court is $384,325.00.

The contingency multiplier of 2.5 brings the fees to a total of $960,812.50.

The total lodestar fees by Dandar & Dandar, P.A. in the circuit court is $149,360.00.

The contingency multiplier of 2.5 brings the fees to a total of $373,400.00.  The total for

this litigation with the contingency multiplier is $1,334,212.50.

The total lodestar fees by Potter Minton, P.C. in the district court is $6,379.11.

The total fees claimed in the defense of this matter is $1,340,591.61.

WHEREFORE, DELL LIEBREICH, requests this court to grant the Defendants'

Motion for Attorney Fees in the amount of $1,340,591.61.

Page 1 of 2

I HEREBY CERTIFY that a copy of the foregoing has been furnished by U. S. Mail this __12__ day of September, 2003 to Charles A. Gall, Esq., 1445 Ross Avenue, Suite 3200, Dallas, Texas 75202, Jerry C. Parker, Esq., 218 North College, Tyler, Texas 75702, and  Samuel D. Rosen, Twelfth Floor 75 East 55th Street, New York, New York 10022.

THOMAS JOHN DANDAR, ESQ.
DANDAR & DANDAR, P.A.
Post Office Box 24597
Tampa, Florida 33623-4597
813-289-3858/ fax 813-287-0895
Florida Bar No.: 434825
Defendant's attorney-in-charge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

RELIGIOUS TECHNOLOGY CENTER,

     Plaintiff,

v.                            CASE # 6:00CV503

DELL LIEBREICH, individually and
DELL LIEBREICH as Personal
Representative of the ESTATE OF
LISA McPHERSON,

     Defendants.
_____/

## ATTORNEY'S AFFIDAVIT FOR FEES

STATE OF FLORIDA

COUNTY OF HILLSBOROUGH

BEFORE ME, the undersigned authority, appeared THOMAS J. DANDAR, ESQ., personally known to me and having taken an oath deposes and says:

1.    That affiant is a member in good standing with the Florida Bar since October 1984, admitted to practice in the state courts of Florida, Middle District of Florida, the Eleventh Circuit , the Fifth Circuit, the District of Columbia Circuit, and the Eastern District of Texas

2.    That affiant is familiar with the fees normally allowed by the court to attorneys representing plaintiffs and defendants in the Tampa Bay area of Florida and for matters concerning contracts and torts, as well as fees charged by attorneys for the Church of Scientology.

3.     That affiant respectfully petitions this Honorable Court to award attorney fees based on the services rendered to the defendants in this action and on appeal. See attached statement of Dandar & Dandar, P.A., wherein affiant's time is designated "TD." It was also necessary to retain the services of John Minton, Esquire, Tyler, Texas, who rendered valuable services as local counsel. His affidavit and statement for services are attached to the statement of Dandar & Dandar, P.A.

4.     The reasonable hourly rate for the services on the attached statement is $400 per hour due to the type of litigation involved in this case and the litigation tactics of the Church of Scientology through its senior organization, Religious Technology Center.

5.     The number of hours reflected on the attached statement is reasonable and omits many telephone calls affiant had with his client, Dell Liebreich, who affiant represented since January 1997.

6.     The affiant expresses the opnion that the fees reflected in the attached statement are reasonable based upon the eight factors listed in the Florida Rules of Professional Conduct, 4-1.5(b) and *Florida Patients Compensation Fund v. Rowe*, 472 So.2d 1145 (Fla. 1985); *Standard Guarantee Insurance Company v. Quanstrom*, 555 So.2d 828, 834 (Fla. 1990) and *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

7.     Affiant and Kennan Dandar represented the Defendants in the action pursuant to the contingency fee contract which is attached authorizing fees to be awarded by the court. As a result of the contract, Affiant further expresses his opinion that a contingency risk multiplier of 2.5 is appropriate in this contract and tort action since success was unlikely at the outset of the case as confirmed by the orders of this court denying the Defendants' motions to dismiss and summary judgment. The fees of John Minton were not on a contingency and have been paid by Dandar & Dandar, P.A.

8.    Therefore, based upon the foregoing, the undersigned respectfully petitions the court for an award of attorney fees to Thomas Dandar in the lodestar amount of $278,920.00, for services rendered in this litigation prior to consideration of a contingency multiplier of 2.5. John Minton's fees and costs are in the amount of $3,750.00 plus 2,629.11 for a total of $6,379.11 as reflected in his affidavit and statement. These fees are reasonable and necessary for his and his partner's rendition of services as primary local counsel for the Defendants.

9.    In addition to the time for services expended before the circuit court, the affiant also respectfully petitions the court for an award of attorney fees to Thomas Dandar in the lodestar amount of $125,960.00, for services rendered in the successful appeal prior to consideration of a contingency multiplier of 2.5.

_____

THOMAS J. DANDAR, ESQ.

SWORN TO AND SUBSCRIBED before me this _12th_ day of September, 2003.

_____

NOTARY PUBLIC

Donna M. West
MY COMMISSION # CC870446 EXPIRES
October 31, 2003
BONDED THRU TROY FAIN INSURANCE, INC.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

RELIGIOUS TECHNOLOGY CENTER,

       Plaintiff,

v.

                                 CASE # 6:00CV503

DELL LIEBREICH, individually and
DELL LIEBREICH as Personal
Representative of the ESTATE OF
LISA McPHERSON,

       Defendants.

_____/

## ATTORNEY'S AFFIDAVIT FOR FEES

STATE OF FLORIDA

COUNTY OF HILLSBOROUGH

BEFORE ME, the undersigned authority, appeared KENNAN G. DANDAR, ESQ., personally known to me and having taken an oath deposes and says:

1.     That affiant is a member in good standing with the Florida Bar since December 1979, admitted to practice in the state and all federal Courts of Florida, the Eleventh Circuit, and the Eastern District of Texas

2.     That affiant is familiar with the fees normally allowed by the court to attorneys representing plaintiffs and defendants in the Tampa Bay area of Florida and for matters concerning contracts and torts, as well as fees charged by attorneys for the Church of Scientology.

80195.806

3. That affiant respectfully petitions this Honorable Court to award attorney fees based on the services rendered to the defendants in this action and on appeal. See attached statement of Dandar & Dandar, P.A., wherein affiant's time is designated "KD"

4. The reasonable hourly rate for the services on the attached statement is $400 per hour due to the type of litigation involved in this case and the litigation tactics of the Church of Scientology through its senior organization, Religious Technology Center.

5. The number of hours reflected on the attached statement is reasonable and omits many telephone calls affiant had with his client, Dell Liebreich, who affiant represented since January 1997.

6. The affiant expresses the opnion that the fees reflected in the attached statement are reasonable based upon the eight factors listed in the Florida Rules of Professional Conduct, 4-1.5(b) and *Florida Patients Compensation Fund v. Rowe*, 472 So.2d 1145 (Fla. 1985); *Standard Guarantee Insurance Company v. Quanstrom*, 555 So.2d 828, 834 (Fla. 1990) and *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

7. Affiant and Thomas Dandar represented the Defendants in the action pursuant to the contingency fee contract which is attached authorizing fees to be awarded by the court. As a result of the contract, Affiant further expresses his opinion that a contingency risk multiplier of 2.5 is appropriate in this contract and tort action since success was unlikely at the outset of the case as confirmed by the orders of this court denying the Defendants' motions to dismiss and summary judgment.

80195.806

8. Therefore, based upon the foregoing, the undersigned respectfully petitions the court for an award of attorney fees to Kennan Dandar in the lodestar amount of $103,960.00, for services rendered in this litigation prior to consideration of a contingency multiplier of 2.5.

9. In addition to the time for services expended before this court, the affiant also respectfully petitions the court for an award of attorney fees to Kennan Dandar in the lodestar amount of $23,400.00, for services rendered in the successful appeal prior to consideration of a contingency multiplier of 2.5.

_____
KENNAN G. DANDAR, ESQ.

SWORN TO AND SUBSCRIBED before me this 12th day of September, 2003.

_____
NOTARY PUBLIC

Donna M. West
MY COMMISSION # CC870446 EXPIRES
October 31, 2003
BONDED THRU TROY FAIN INSURANCE, INC.

80195.806

We, the undersigned, in exchange for DANDAR & DANDAR, a Professional Association, promise to represent us as our attorneys to the fullest extent of their ability, do hereby retain and employ them as our attorneys to represent us in our claim for damages against all appropriate parties resulting from wrongful death on or about December 5, 1995. Further, we grant to associate other attorneys, investigators, and experts on the case.

## COSTS AND EXPENSES

In further consideration of our attorneys' promise to represent us and to expend their time in representing us, we agree to pay ANY AND ALL COSTS of investigation, expert's fees, medical case managment and other expenses incurred by the office of DANDAR & DANDAR, A PROFESSIONAL ASSOCIATION, their staff, court costs, photographs, and mailing expenses, in order to properly represent us in the pursuit of our claim. We further understand that we are obligated to pay these costs whether or not our claim is successful This Agreement on the undersigneds' part is pursuant to the rules of ethics established by the Florida Bar and the Florida Supreme Court.

## AGREEMENT FOR ATTORNEY FEES

We agree to pay our attorneys, DANDAR & DANDAR, a Professional Association, a) 33 1/3% of any recovery up to $1 million through the time of filing of an answer or the demand for appointment of arbitrators; b) 40% of any recovery up to $1 million from the time of filing an answer or the demand for appointment of arbitrators through the entry of judgment;
c) 30% of any recovery between $1-$2 million; d) 20% of any recovery in excess of $2 million; e) if a defendant admits liability at the time of filing an Answer and requests a trial only on damages: 1) 33 1/3% of any recovery up to $1 million from that defendant through trial; 2) 20% of any recovery from that defendant between $1-$2 million; 3) 15% of any recovery from that defendant in excess of $2 million; f) an additional 5% of any recovery if an appeal is necessary. Fee is deemed earned at the time settlement is offered or verdict is rendered.

### Special Provisions Concerning Attorneys' Fees:

1) If all defendants are required by a statute or rule to pay attorneys fees or if all defendants offer in settlement negotiations to pay attorneys fees, the attorney fees due shall be the greater amount of the contingency fee or the fees separately awarded or agreed upon between the parties. Our attorney shall be entitled to attorney fees on entitlement and amount of attorney fees after making recovery on our behalf.

2) If we receive a recovery which is to be received on a future or periodic basis, the contingent fee percentage shall only be calculated on the cost of the future structured or periodic payments or, if the cost is unknown, on the present money value of the future structured or periodic payments, whichever is less. Such fees shall be paid immediately out of the cash portions of the recovery.

3) If our attorneys wish to employ other attorneys to provide special legal services on our behalf, they have our authority to do so provided any fee paid to such attorneys is paid by our attorneys to the other attorneys and provided this does not in any way increase my fees in excess of those set forth above.

4) If the provision of any state or federal statute calls for the payment of fees in a lesser amount than those set forth above, then we understand that we will be charged on the lesser amount.

5) We understand that the percentages provided in this contract comply in all respects with the rules of the Supreme Court of Florida regarding contingent fees.

6) We understand that the attorney fee is deemed earned at the moment a firm offer is made by the opposing side or a judgment is rendered. If we discharge our attorneys or our attorneys withdraw after an offer is made or judgment rendered, we understand that our attorneys have earned their fee pursuant to the offer of settlement or judgment.

## OUR DUTIES AND THE DUTIES OF OUR ATTORNEYS:

We further agree to cooperate with our attorneys by appearing at trial, depositions, and hearings, by paying all costs incurred in this action as previously mentioned, and by paying our attorneys their fee for services rendered as previously stated. We understand that our attorneys may, upon written notice to us, withdraw from representing us at any time.

We understand that we are only relying upon the representations made in this agreement and not upon any other oral representations made by our attorneys or anyone else. We further understand that our attorneys have not guaranteed any amount of recovery or success in this action.

This retainer may be cancelled by written notification to the attorneys at any time within three (3) business days of the date this retainer is signed, and if cancelled, we shall not be obligated to pay any fees to the attorney for the work performed during that time. If the attorneys have advanced funds to others in representation of us, the attorneys are entitled to be reimbursed for such amounts as they have reasonably advanced on behalf of us.

In the event that we discharge our attorneys or our attorneys withdraw as counsel due to our failure to cooperate or pay fees and costs when due, we agree to pay all costs and attorney fees incurred, whether or not suit is filed in the collection of any costs or fees owed by us to our attorneys, in their pursuit against us for said costs and fees incurred in the instant action.

We have, before signing this retainer, received and read the Statement of Client's Rights, and understands each of the rights set forth therein. We have signed the statement and this Agreement to Retain and received copies to keep to refer to while being represented by the undersigned attorneys.

_Fannie B. McPherson_
FANNIE McPHERSON

_Ann Carlton_
ANN CARLTON

Dated: _Jan 27_, 1997

_Kennan Dandar_
KENNAN G. DANDAR, ESQ.
DANDAR & DANDAR, P.A.
1009 North O'Brien Street
Tampa, Florida 33607-1715
813-289-3858

# ATTORNEYS' FEES
# FOR
# DISTRICT COURT

# DANDAR & DANDAR
### A PROFESSIONAL ASSOCIATION
### A T T O R N E Y S

RELIGIOUS TECHNOLOGY CENTER      CASE # 6:00CV503

v.

DELL LIEBREICH as Personal
Representative of the ESTATE OF
LISA McPHERSON,

| *Date* | *Description* | | *Hours* |
|--------|---------------|---|---------|
| 08/18/00 | Review Complaint and Summons, set up file, conference with Ken | TD | 2.1 |
| | Conference with Tom | KD | 1.3 |
| 08/19/00 | Research of law, federal rules, federal statutes, Texas statutes, Florida statutes, local court rules, Florida cases | TD | 8.6 |
| 08/20/00 | Conference with Ken, draft motion to dismiss, download and review local court rules | TD | 5.1 |
| | Review research and drafts, conference with Tom | KD | 2.0 |
| 08/21/00 | Review wrongful death file for exhibits, conference with Ken, edit motion to dismiss, complete attorney admissions papers | TD | 4.9 |
| | Review wrongful death exhibits, conference with Tom | KD | 2.2 |
| 08/22/00 | Research of law for rule 11 motion, dictate rule 11 motion, dictate letter to clerk | TD | 7.7 |
| 08/23/00 | Prepare attorney appearance form, finalize motion to dismiss, edit rule 11 motion | TD | 6.3 |
| | Review final motion to dismiss | KD | 0.9 |

| Date | Description | Initials | Hours |
|---|---|---|---|
| 08/24/00 | Dictate rule 11 (21 day) letter, dictate and prepare list of authorities, dictate letter to clerk, proof read motion to dismiss, dictate order granting motion to dismiss, letter to clerk | TD | 4.4 |
| 08/29/00 | Review order granting pro hac vice | TD | 0.1 |
| 08/31/00 | Dictate revised certificate of service to motion to dismiss and re-serve, research of law, dictate notice of reliance on additional authority in support of motion to dismiss, dictate letter to clerk, dictate letter to Rosen/Zachary, review letter from opposing counsel | TD | 2.3 |
| | Review new authority | KD | 0.6 |
| 09/01/00 | Prepare letter to client | DF | 0.2 |
| 09/05/00 | Review track III assignment | TD | 0.1 |
| 09/11/00 | Review deficiency notice from clerk | TD | 0.2 |
| | Telephone call to clerk | DF | 0.3 |
| 09/13/00 | Review response to motion for rule 11 sanctions, review proposed order denying motion for rule 11 sanctions, review motion to enlarge time to respond to motion to dismiss, review order granting motion to enlarge time, review letter from opposing counsel | TD | 1.4 |
| | Telephone call to clerk: our rule 11 motion was not filed | DF | 0.3 |
| 09/14/00 | Dictate proposed order on motion to dismiss, letter to clerk | TD | 0.7 |
| 09/21/00 | Dictate notice of filing motion for rule 11 sanctions, dictate proposed order, dictate letter to clerk | TD | 0.5 |
| 09/26/00 | Prepare letter to client | DF | 0.3 |

| | | | |
|---|---|---|---|
| 10/02/00 | Review RTC's response to motion to dismiss retrieve and review cases cited, review letter from opposing counsel | TD | 5.3 |
| | Review RTC's response to motion to dismiss | KD | 1.2 |
| 10/16/00 | Review RTC's response to rule 11 motion research law, review letter from opposing counsel | TD | 3.8 |
| | Review RTC's response to rule 11 | KD | 1.0 |
| 10/20/00 | Review order denying rule 11 sanctions, request paralegal to find out it there was a hearing | TD | 0.4 |
| 10/23/00 | Review order on motion to dismiss | TD | 0.2 |
| | Review order | KD | 0.3 |
| | TC to clerk: no hearing was held | DF | 0.3 |
| 10/24/00 | Dictate motion for rehearing on motion to dismiss, research of law | TD | 3.4 |
| | Prepare letter to clerk | DF | 0.2 |
| 10/26/00 | Review RTC's motion for summary judgment, review letter from opposing counsel | TD | 2.0 |
| 10/27/00 | Dictate supplemental motion for rehearing based upon admissions made by RTC in its motion, dictate letter to clerk | TD | 3.6 |
| | Review RTC's motion for summary judgment | KD | 1.1 |
| 10/28/00 | Research of law, dictate draft response to RTC's motion for summary judgment | TD | 7.6 |
| 10/30/00 | Review RTC's request for hearing on summary judgment motion, review letter from opposing counsel, edit response to motion for summary judgment | TD | 4.2 |
| | Review draft of response to RTC's motion for summary judgment | KD | 2.6 |

| 11/13/00 | Edit response to motion for summary judgment, research of law on issues presented | TD | 5.1 |
|---|---|---|---|
| 11/14/00 | Review wrongful death case and search for exhibits to attach to response to motion for summary judgment, work on response, review letter from opposing counsel and proposed order | TD | 4.3 |
| | Review draft of response, review case law | KD | 3.2 |
| | Telephone call to and from clerk | DF | 0.5 |
| 11/15/00 | Finalize response to RTC's motion for partial summary judgment, dictate order denying RTC's motion for summary judgment, dictate order granting motion for rehearing, dictate letter to clerk | TD | 2.7 |
| | Prepare letter to clerk | DF | 0.2 |
| 11/22/00 | Review RTC's response to motion for reconsideration, review letter from opposing counsel, draft motion for summary judgment | TD | 2.8 |
| | Review summary judgment motion | KD | 1.6 |
| 12/01/00 | Review notice of management conference, review file, prepare for hearing, edit motion for summary judgment, research for same | TD | 5.6 |
| | Review management conference notice | KD | 0.9 |
| 12/05/00 | Review RTC's motion to strike and reply on its motion for summary judgment, review affidavit of Warren McShane in support of summary judgment motion, review letter from opposing counsel | TD | 2.7 |
| 12/08/00 | Review order denying motion for reconsideration | TD | 0.2 |
| 12/12/00 | Dictate answer and affirmative defenses, edit motion for summary judgment | TD | 4.9 |
| 12/14/00 | Attend case management conference via telephone finalize answer and defenses, dictate letter to clerk | TD | 3.6 |

| | | | |
|---|---|---|---|
| 12/18/00 | review scheduling order | TD | 0.3 |
| 12/19/00 | Attend hearing regarding deposition of Dell | TD | 2.3 |
| 12/22/00 | review file, review letter from opposing counsel with proposed order on deposition. conference with Ken, dictate initial disclosure, finalize defendant's motion for summary judgment and memorandum, dictate Ken's affidavit | TD | 4.2 |
| | Conference with Tom, review affidavit, obtain exhibit for summary judgment | KD | 2.8 |
| 01/03/01 | Review letters from opposing counsel, review motion for extension of time, telephone conferences with opposing counsel | TD | 1.2 |
| | Prepare fax to opposing counsel | DF | 0.2 |
| 01/04/01 | Dictate notice of filing page 157 Scientologist book, dictate letters to opposing counsel | TD | 1.5 |
| | Prepare letter to clerk | DF | 0.2 |
| 01/08/01 | Review notice of taking deposition of Ken, review summons, conference with Ken, review letter from opposing counsel | TD | 1.1 |
| | Conference with Tom | KD | 0.2 |
| 01/09/01 | Dictate letters to opposing counsel, travel to and prepare for client's deposition in Dallas | TD | 10.5 |
| | Prepare, travel to Dallas for client's depo | KD | 12.0 |
| 01/10/01 | Conference with client, attend deposition | TD | 12.0 |
| | Appear for deposition of client | KD | 12.0 |
| | Prepare letter to clerk requesting civil cover sheet | DF | 0.3 |
| 01/11/01 | Conference with client, attend deposition, travel, dictate letter to Rosen | TD | 15.5 |
| | Conference with client, appear for deposition of client, travel to Tampa | KD | 15.0 |

| 01/12/01 | Review RTC's initial disclosures, review letter from opposing counsel, review order denying RTC's summary judgment, review letters from Rosen, dictate letter to Rosen | TD | 3.1 |
|---|---|---|---|
| 01/13/01 | Review disclosures | KD | 2.1 |
| 01/15/01 | Review letter from Rosen | TD | 0.3 |
| 01/16/01 | Review RTC's motion to enlarge time to respond to our motion for summary judgment, review order granting motion to enlarge time, review letter from Rosen, dictate letter to Rosen | TD | 1.5 |
| 01/18/01 | Dictate motion for sanctions for failure to make initial disclosure, dictate letter to clerk | TD | 1.5 |
| 01/19/01 | Dictate objection to Ken's deposition and motion for protective order, research of law, dictate motion for expedited hearing on objection to deposition and motion for protective order, review letter from opposing counsel with some redacted bills, dictate letter to opposing counsel | TD | 4.9 |
| | Review redacted bills | KD | 1.9 |
| | Prepare letter to clerk, prepare fax to opposing counsel | DF | 0.4 |
| 01/21/01 | Review civil cover sheet | TD | 0.3 |
| 01/23/01 | Review RTC's opposition to our motion for summary judgment, review letter from opposing counsel | TD | 2.9 |
| 01/24/01 | Retrieve and review cases cited by RTC in opposing our motion for summary judgment | TD | 4.1 |
| 01/26/01 | Review RTC's certificate of conference concerning its motion for summary judgment, review letter from Rosen | TD | 0.7 |

| Date | Description | | |
|---|---|---|---|
| 01/29/01 | Review RTC's motion for reconsideration of denial of its summary judgment, or alternatively its new motion for summary judgment, and request for oral argument, review letter from opposing counsel, review designation of expert witness, retrieve cases cited, conference with Ken | TD | 4.3 |
| | Review summary judgment motion, review designation of experts, conference with Tom | KD | 2.7 |
| 01/30/01 | Read and review cases relied upon by RTC in its recent motion | TD | 3.7 |
| 01/31/01 | Dictate letter to Rosen, dictate letter to opposing counsel | TD | 0.7 |
| 02/01/01 | Review RTC's Notice of, and first amended initial disclosures, review order finding RTC's motion to strike moot, review fax from Rosen | TD | 1.5 |
| 02/02/01 | Dictate motion to take deposition of specific corporate officers, dictate letter to clerk | TD | 0.7 |
| 02/05/01 | Research of law concerning non-ambiguous contracts, and third party being bound by prior interpretation of contract, dictate response to RTC's motion for reconsideration and renewed motion for summary judgment | TD | 4.0 |
| 02/06/01 | Review letter from opposing counsel, review amended disclosure | TD | 0.4 |
| | Review renewed summary judgment motion | KD | 2.9 |
| 02/07/01 | Finalize response to RTC's motion for reconsideration and renewed motion for summary judgment, review letter from opposing counsel, review expert designation | TD | 2.6 |
| | Review response | KD | 1.0 |
| 02/08/01 | Review letter to judge from opposing counsel | TD | 0.4 |

| | | | |
|---|---|---|---|
| 02/09/01 | Review RTC's corporate disclosure statement, review letter from opposing counsel | TD | 0.8 |
| 02/12/01 | Review RTC's response to our motion for sanctions for failure to make initial disclosure, review letters from opposing counsel, review redacted bills | TD | 2.8 |
| | Research on rule 26 | KD | 2.1 |
| 02/13/01 | Dictate amended motion for sanctions for failure to make initial disclosure, dictate letter to clerk dictate proposed order, review letter from opposing counsel, dictate letter to judge | TD | 2.4 |
| 02/16/01 | Dictate motion for extension of time in which to disclose expert witness due to RTC's failure to provide itemization of damages, dictate motion to strike RTC's expert for refusal to provide report, dictate motion to transfer venue for forum, non conviens, conference with Ken, dictate letter to opposing counsel, dictate proposed orders, dictate letter to clerk | TD | 3.8 |
| | Conference with Tom | KD | 1.3 |
| 02/20/01 | Review RTC's opposition to our motion to take deposition of corporate officers, review letter from opposing counsel, review affidavit | TD | 1.2 |
| 02/22/01 | Review letter from Rosen | TD | 0.3 |
| 02/23/01 | Review RTC's reply to our response to their motion for reconsideration of order denying summary judgment, and its new motion for summary judgment and request for oral argument, review cases cited, review letter from opposing counsel | TD | 2.6 |
| 02/26/01 | Review order denying our motion for sanctions for failure to make disclosure, telephone conference with opposing counsel, dictate letter to opposing counsel, conference with Ken | TD | 1.2 |
| | Conference with Tom | KD | 0.3 |

| 03/01/01 | Review motion for leave to file first amended complaint, review letter from opposing counsel, review amended complaint, review proposed order | TD | 2.4 |
| | Review new complaint | KD | 0.8 |
| 03/02/01 | Review wrongful death case to locate documents for reply to opposition to depositions | TD | 1.5 |
| | Assist in locating documents | KD | 0.9 |
| 03/06/01 | Review letter from opposing counsel | TD | 0.2 |
| 03/07/01 | Dictate reply to RTC's opposition to corporate officers' depositions, dictate response to RTC's reply and new motion for summary judgment, research of law, letter to clerk | TD | 2.6 |
| 03/08/01 | Review response to our amended motion for sanctions for failure to make initial disclosure, dictate response to RTC's motion for leave to file amended complaint, review wrongful death file to gather exhibits, dictate memorandum of law in opposition to RTC's motion for leave to file amended complaint, review letter from opposing counsel, dictate proposed order, letter to clerk | TD | 4.3 |
| 03/12/01 | Review RTC's request for hearing, review RTC's opposition to our motion to transfer venue, review letters from opposing counsel, review motion to compel production | TD | 3.4 |
| 03/14/01 | Review order denying motion to transfer, dictate notice of filing errata sheets of client's deposition, dictate letter to clerk | TD | 1.0 |
| 03/15/01 | Review RTC's first amended designation of expert witnesses, review RTC's response to our motion for extension to disclose expert witness and to our motion to strike their experts, review local rules and federal rules, dictate response to RTC's motion to compel production, review letter from opposing counsel, dictate letter | | |

| | | | |
|---|---|---|---|
| | to clerk, dictate order denying motion to compel, review redacted bills | TD | 5.9 |
| 03/19/01 | Review RTC's motion to enlarge time to file a reply to our opposition to RTC's motion for leave to file an amended complaint, dictate our reply to RTC's response to our motion for extension of time in which to disclose experts and motion to strike RTC's experts, review letter from opposing counsel, dictate letter to clerk, dictate order imposing sanctions | TD | 4.7 |
| 03/20/01 | Review order of summary judgment, review order on motions for sanctions, review order denying leave to file amended complaint, review order denying motion to strike experts, review order granting our motion for extension to disclose expert, conference with Ken | TD | 2.0 |
| | Review summary judgment order | KD | 0.9 |
| | Conference with Tom, telephone call to Dell | KD | 1.4 |
| 03/21/01 | Dictate letter to opposing counsel | TD | 0.5 |
| 03/22/01 | Review RTC's motion to file surreply brief in opposition to our motion to take corporate officers' depositions, review surreply brief, review supplement to RTC's opposition to its motion to transfer venue, review letter from opposing counsel | TD | 1.2 |
| 03/27/01 | Review letter from opposing counsel | TD | 0.2 |
| 03/28/01 | Dictate motion for rehearing and reconsideration, and alternatively, renewed motion for summary judgment, review and edit, dictate letter to clerk | TD | 3.2 |
| 03/29/01 | Review letter from opposing counsel, dictate letter to opposing counsel | TD | 0.5 |
| 03/30/01 | Dictate letter to clerk, dictate order on rehearing | TD | 0.7 |

| 04/03/01 | Review order denying RTC's motion to compel, review order denying our motion to take corporate depositions | TD | 0.4 |
|---|---|---|---|
| 04/04/01 | Review order denying to file an amended complaint among other motions | TD | 0.3 |
| 04/09/01 | Review motion for confidentiality order and for in-camera inspection, research of law on this issue, dictate confidentiality order, conference with Ken<br>Conference with Tom | TD<br>KD | 4.2<br>1.2 |
| 04/10/01 | Dictate draft response to motion for confidentiality order | TD | 1.7 |
| 04/11/01 | Dictate notice of non-compliance with disclosure order, dictate letter to clerk | TD | 0.6 |
| 04/12/01 | Review RTC's witness list, finalize response to RTC's motion for confidentiality and for in camera inspection, review letter from opposing counsel<br>Prepare letter to clerk | TD<br>DF | 2.7<br>0.2 |
| 04/23/01 | Review opposition to our motion for rehearing, and renewed motion for summary judgment, review response to our notice of non-compliance, review RTC's submission of damages pursuant to the court's March 19, 2001, order, review affidavits of McShane and Brent Howard, review cited cases, review letter from opposing counsel | TD | 5.5 |
| 04/26/01 | Prepare letter to clerk, prepare order, telephone call with opposing counsel | DF | 0.2 |
| 04/26/01 | Review letter from opposing counsel | TD | 0.2 |
| 04/30/01 | Review RTC's reply to our response to confidentiality order and for in camera inspection review letters from opposing counsel | TD | 1.0 |

| 04/24/01 | Review order granting confidentiality order, but requiring it to be narrowed, review order denying our motion for rehearing/motion for summary judgment, conference with Ken | TD | 1.4 |
| | Conference with Tom | KD | 1.0 |
| 04/26/01 | Dictate motion to dismiss and motion for attorney fees based on Flags' claim of extortion | TD | 1.8 |
| 05/01/01 | Research of law concerning 57.105 and Dell's right to fees. Draft motion for fees | TD | 3.3 |
| 05/02/01 | Research of law concerning failure to obey court order, start preparing notice of non-compliance | TD | 2.9 |
| | Review draft for fees | KD | 1.0 |
| 05/03/01 | Finalize motion for attorney's fees for Dell, individually, under 57.105, dictate notice of non-compliance/direct violation of court order and our motion for involuntary dismissal, dictate letter to clerk, dictate order of dismissal | TD | 2.5 |
| 05/04/01 | Review letter from opposing counsel, dictate letter to opposing counsel, edit confidentiality order | TD | 1.6 |
| 05/07/01 | Dictate letter to judge, dictate confidentiality order | TD | 1.5 |
| 05/15/01 | Review confidentiality order, review letters from opposing counsel, review fax from court, review Website and download new court rules | TD | 1.6 |
| 05/18/01 | Review RTC's memo of law opposing our motion to dismiss and in support of their request for sanctions, review letters from opposing counsel | TD | 1.0 |
| 05/23/01 | Research of law on local rules, extortion, rule 11 and §1927, dictate reply to RTC's request for sanctions with memorandum; dictate letter to Clerk; dictate letter to opposing counsel | TD | 5.0 |
| | Review motion for sanctions, research | KD | 1.7 |

| Date | Description | | |
|---|---|---|---|
| 05/24/01 | Review RTC's opposition to our motion for involuntary dismissal, review letter from opposing counsel | TD | 0.8 |
| 05/29/01 | Review RTC's motion for one day extension to file opposition to Dell's motion for fees, review RTC's opposition to Dell's motion for fees, review RTC's supplement to its opposition to our motion to dismiss and in support of their request for sanctions , dictate motion for continuance of trial, dictate letter to clerk; review letter from opposing counsel; review deficiency notice from clerk | TD | 3.1 |
| 05/30/01 | Review order granting one day extension, dictate reply to second request for sanctions, dictate order denying second request for sanctions, dictate letter to clerk, research of law on Rooker-Feldman, dictate motion to dismiss, for lack of subject matter jurisdiction with memo, dictate order of Dismissal, dictate letter to clerk; review faxed letter from opposing counsel, review joint pretrial order | TD | 4.5 |
| | Prepare fax to Merrilee Maul | DF | 0.2 |
| 05/31/01 | Review faxed letter from opposing counsel, review Plaintiff's requests to charge, conference with Robert Persante, deliver bills and obtain acknowledgment of confidentiality from him | TD | 6.2 |
| 06/01/01 | Dictate notice of non-compliance for failure to produce unredacted bills, review order continuing trial; dictate letter to Robert Persante | TD | 1.0 |
| | Prepare letter to clerk | DF | 0.2 |
| 06/06/01 | Prepare fax to opposing counsel | DF | 0.2 |
| 06/07/01 | Prepare certificate of conference | TD | 0.2 |
| | Prepare letter to clerk, prepare fax to opposing counsel | DF | 0.3 |
| 06/08/01 | Review RTC's corrected supplement in opposition to our motion to dismiss; review letter from opposing counsel; dictate letter to Robert Persante | TD | 1.5 |

| Date | Description | Initials | Hours |
|---|---|---|---|
| 06/14/01 | Review RTC's reply concerning its second request for sanctions, review RTC's reply concerning its request for sanctions, review letter from opposing counsel | TD | 1.0 |
| 06/25/01 | Review RTC's motion to clarify June 1, 2001, order or for reargument, review RTC's opposition to our motion to dismiss for lack of subject matter jurisdiction; review letter from opposing counsel | TD | 1.8 |
| 06/29/01 | Dictate response to motion to clarify order of June 1, 2001, dictate order denying motion to clarify, dictate reply to motion for sanctions attaching reply brief filed by Miscavige in Florida, dictate order denying motion for sanctions, dictate letter to clerk | TD | 2.6 |
| | Review RTC's jurisdiction memo, research | KD | 3.1 |
| 07/05/01 | Review order denying motion to dismiss and motion for attorney's fees | TD | 0.2 |
| 07/20/01 | Review reply to our response to RTC's motion to clarify, review letter from opposing counsel | TD | 0.8 |
| 08/07/01 | Review order stating our motion for protective order is moot, review order clarifying June 1 order | TD | 0.6 |
| 08/17/01 | Review expert report and affidavit of Brent Howard, review letter from opposing counsel | TD | 3.4 |
| 09/07/01 | Review request for trial date, review letter from opposing counsel | TD | 0.5 |
| 09/10/01 | Dictate request for trial date; dictate letter to clerk | TD | 3.6 |
| | Prepare motion for admission, prepare authorization to send order via facsimile, prepare application for admission for Kennan Dandar; prepare fax to Merilee Maul | DF | 0.5 |
| | Dictate letter to clerk | KD | 0.2 |

| | | | |
|---|---|---|---|
| 09/17/01 | Dictate notice of filing expert report, review expert report of Robert Persante; dictate letter to clerk | TD | 1.0 |
| | Prepare fax to clerk | DF | 0.2 |
| 09/18/01 | Review order setting trial | TD | 0.3 |
| 09/21/01 | Prepare fax to opposing counsel (3); prepare fax to clerk | DF | 0.3 |
| 09/22/01 | Review Florida jury instruction forms and select applicable instructions | TD | 3.1 |
| 09/24/01 | Search for form instructions on contracts, research of law at law library concerning form instructions | TD | 4.6 |
| | Review letter from clerk; dictate letter to clerk | KD | 0.3 |
| 09/25/01 | Review cases and create instructions, dictate same | TD | 3.2 |
| 09/28/01 | Edit and dictate final proposed jury instructions, dictate motion for continuance of pre-trial, jury selection and trial and motion for protective order, dictate order granting motion for continuance, dictate revisions to joint final pre-trial order; dictate letter to clerk (2) | TD | 4.2 |
| | Prepare fax to opposing counsel (3) | DF | 0.3 |
| 10/05/01 | Dictate letter to opposing counsel | TD | 0.2 |
| 10/15/01 | Review order denying motion for continuance | TD | 0.2 |
| 10/17/01 | Review RTC's opposition to continuance, review letter from opposing counsel | TD | 0.5 |
| 10/24/01 | Prepare fax to Robert Persante | DF | 0.2 |
| 12/03/01 | Review faxed letter from opposing counsel, review revised joint final pretrial order | TD | 0.5 |

| | | | |
|---|---|---|---|
| 12/14/01 | Review faxed letter from opposing counsel, Review draft joint pretrial order, telephone conference with opposing counsel, dictate defendant's exhibit list | TD | 1.8 |
| | Prepare fax to opposing counsel | DF | 0.2 |
| 12/18/01 | Email to opposing counsel | TD | 0.2 |
| 12/21/01 | Review letter from opposing counsel, review checks from opposing counsel, review faxed letter from opposing counsel (2), review faxed requests to charge, review joint final pretrial order (2) | TD | 1.0 |
| | Prepare letter to opposing counsel | DF | 0.2 |
| 12/24/01 | Review letter from opposing counsel; review requests to charge; dictate letter to opposing counsel | TD | 0.7 |
| 01/02/02 | Review letter from opposing counsel (2); review plaintiff's exhibits, review plaintiff's proposed pretrial order | TD | 1.8 |
| 01/07/02 | Review RTC's requests to charge, review RTC's proposed pre-trial order | TD | 1.2 |
| | Review pre-trial order | KD | 0.7 |
| 01/10/02 | Review letter from opposing counsel, review RTC's notice of filing pretrial order | TD | 0.4 |
| 01/11/02 | Review attorney bills, analyze and chart out on calendar | TD | 3.1 |
| 01/13/02 | Travel and prepare for pre-trial conference, prepare motions in limine (2), edit and amend proposed jury instructions, prepare supplemental motion to dismiss based upon 2DCA opinion, conference with co-counsel | TD | 15.0 |
| | Travel to Texas, edit jury instructions, conference with Tom, conference with John Minton | KD | 15.0 |

| | | | |
|---|---|---|---|
| 01/14/02 | Attend final pre-trial conference, review RTC's motion in limine to prohibit comments on wrongful death case, except for proposed statement, research of law on this issue, review motion in limine to preclude evidence of Estate's financial condition, review letter from opposing counsel, research on this issue, review motion in limine relating to the scientology beliefs and practices, conference with Ken and John Minton, research of law, review notice of filing final pre-trial order by RTC, prepare offer of judgment, prepare for jury selection | TD | 14.1 |
| | Conference with client, attend pre-trial conference conference with Tom, meet with John Minton | KD | 15.0 |
| | Prepare fax to Tom Dandar c/o John Minton | DF | 0.2 |
| 01/15/02 | Court appearance for selection of jury, conference with Ken | TD | 15.0 |
| | Appear in court, select jury, conference with John Minton, conference with client | KD | 15.0 |
| 01/16/02 | Travel, conference with Ken, review order denying our motion to dismiss for lack of jurisdiction, and denying motion for involuntary dismissal based on 2DCA opinion in Miscavige appeal | TD | 9.2 |
| | Travel, conference with Tom | KD | 9.0 |
| 01/21/02 | Conference with Robert Persante at his office in preparation for trial, prepare for trial and organize file | TD | 9.1 |
| | Trial preparation | KD | 3.7 |
| 01/22/02 | Prepare for trial, purchase dufflebags to enable to transport boxed files to Texas | TD | 7.6 |
| | Trial preparation | KD | 2.9 |
| 01/23/02 | Travel, conference with Ken in preparation for trial, conference with client, conference with John Minton; review fax from opposing counsel; review plaintiff's request to charge | TD | 13.5 |
| | Travel, conference with Tom, client, and John Minton | KD | 15.0 |

| | | | |
|---|---|---|---|
| 01/24/02 | Conference with client and co-counsel, attend trial, post-trial conference | TD | 14.9 |
| | Conference with Minton and client, attend trial | KD | 15.0 |
| | | | |
| 01/25/02 | Conference with client and co-counsel, attend trial | TD | 14.2 |
| | Conference with Minton and client, attend trial | KD | 15.0 |
| | | | |
| 01/26/02 | Travel, post-trial conference with Ken regarding Rule 59 motion, rule 47 violations by RTC counsel, and rule 26 violations, discuss appealable issues | TD | 6.7 |
| | Travel, conference with Tom | KD | 6.0 |
| | | | |
| 02/04/02 | Review order to show cause for Rosen's intentional withholding of documents, draft rule 59 motion | TD | 2.5 |
| | | | |
| 02/05/02 | Dictate letter to attorney John Minton | TD | 0.4 |
| | | | |
| 02/06/02 | Research of law for Rule 59 motion, edit motion | TD | 4.1 |
| | | | |
| 02/11/02 | Review letter from attorney John Minton | TD | 0.2 |
| | Review and edit rule 59 motion | KD | 1.9 |
| | | | |
| 02/18/02 | Dictate letter to attorney John Minton | TD | 0.3 |
| | | | |
| 02/19/02 | Review letter from opposing counsel, review motion for entry of final judgment, research of law on the issues raised; dictate letter to Ron Mason, court reporter | TD | 3.9 |
| | | | |
| 02/26/02 | Review letter from opposing counsel; Review RTC's response to order to show cause, research of law on this issue | TD | 6.4 |
| | | | |
| 02/28/02 | Telephone conference with John Minton | TD | 0.3 |
| | Prepare fax to attorney John Minton (2) | DF | 0.8 |
| | | | |
| 03/01/02 | Telephone conference with John Minton | TD | 0.4 |
| | Telephone conference with John Minton | KD | 0.4 |
| | Prepare fax to attorney John Minton | DF | 0.3 |
| | | | |
| 03/04/02 | Review letter from attorney John Minton | TD | 0.1 |
| | Review letter from attorney John Minton | KD | 0.1 |

| | | | |
|---|---|---|---|
| 03/05/02 | Review order on order to show cause for rule 26 and 47 violations by RTC counsel | TD | 0.6 |
| 03/06/02 | Dictate response to RTC's motion for entry of final judgment, research pre-judgment interest, review final judgment, edit rule 59 motion | TD | 4.3 |
| | Prepare fax to clerk | DF | 0.2 |
| 03/08/02 | Finalize rule 59 motion, conference with Ken dictate letter to clerk | TD | 2.5 |
| | Conference with Tom, review final 59 motion | KD | 1.2 |
| 03/11/02 | Telephone conference with opposing counsel, Prepare fax to opposing counsel | DF | 0.2 |
| 03/12/02 | Review letter from opposing counsel | TD | 0.3 |
| 03/13/02 | Review letter from attorney John Minton | TD | 0.1 |
| 03/20/02 | Telephone conference with court reporter, Prepare letter to court reporter | DF | 0.5 |
| 03/22/02 | Review RTC's motion to file brief in excess of page length, review order on motion, review motion for attorney's fees and §1927 sanctions, review letter from opposing counsel | TD | 1.1 |
| 03/23/02 | Research of law on §1927 | TD | 6.6 |
| 03/26/02 | Research on 1927, draft response to motion for fees, analyze attorney fee bills and costs | TD | 9.1 |
| 03/28/02 | Review letter from opposing counsel; review RTC's response to rule 59 motion, review order granting leave to file excess pages | TD | 2.3 |
| 04/04/02 | Review faxed letters from attorney Rosen (2) | KD | 0.2 |
| | Review faxed letters from attorney Rosen (2) | TD | 0.2 |
| 04/05/02 | Review Subpoena Duces Tecum - Kennan Dandar; review Subpoena Duces Tecum - Dandar & Dandar | TD | 0.8 |
| | Review subpoena, conference with Tom | KD | 0.4 |

| | | | |
|---|---|---|---|
| 04/08/02 | Review letter from opposing counsel, review bill of costs, review order denying rule 59 motion | TD | 0.7 |
| 04/09/02 | Review documents supporting bill of costs, research on 1927 motion and Florida law on fees, compare bill of costs to those costs on attorneys' bills, review fax from Robert Persante, review affidavit of Robert Persante | TD | 8.0 |
| 04/10/02 | Edit response to 1927 motion and motion for fees edit response to bill of costs, conference with Robert Persante, review fax from opposing counsel, review notice of deposition of Dell | TD | 6.5 |
| | Review 1927 response | KD | 2.2 |
| 04/11/02 | Complete the review of bill of costs, dictate response to bill of costs, finalize response to motion for fees and 1927 sanctions, review faxed letter from opposing counsel; review amended notice of deposition of dell | TD | 7.1 |
| | Prepare letter to clerk (2) | DF | 0.5 |
| | Prepare fax to clerk | DF | 0.5 |
| 04/12/02 | Dictate notice of filing transcript, review signed affidavit of Robert Persante, dictate notice of filing affidavit of Robert Persante in opposition to motion for attorneys' fees, dictate letter to clerk, research of law, dictate Motion to Quash Subpoenas, Motion for Protective Order, Motion for Sanctions, and Memorandum of Law | TD | 5.7 |
| | Review motions, edit | KD | 2.4 |
| 04/15/02 | Review notice of deposition of Dell | TD | 0.3 |
| 04/16/02 | Review amended notice of deposition | TD | 0.2 |
| 04/17/02 | Review Order | TD | 0.5 |
| 04/18/02 | Dictate letter to clerk, dictate notice of appeal review Notice of Appearance - Pope | TD | 1.2 |

| Date | Description | Init | Hours |
|---|---|---|---|
| 04/19/02 | Review Motion to Appear Pro Hac Vice - Rosen | TD | 0.3 |
| 04/23/02 | Review faxed letter from attorney Pope | TD | 0.2 |
| 04/25/02 | Review faxed letter from opposing counsel, dictate letter to attorney Pope | TD | 0.5 |
| 04/26/02 | Review RTC's reply to our response to their bill of costs, Review RTC's motion for leave to file excess pages, review reply in support of motion for attorneys fees, review letter from opposing counsel, review RTC's memo of law opposing D&D's motion to Quash Subpoenas and request for expedited hearing, review motion to enforce Subpoena and compel deposition and production of documents | TD | 11.2 |
| | Review motions | KD | 2.8 |
| 04/27/02 | Research of law regarding fees, review file, review testimony in case #2750, Flag v. Estate, review RTC's reply to our response concerning fees | TD | 9.6 |
| 04/29/02 | Review order granting RTC's excess pages, review faxed motion for expedited hearing | TD | 0.8 |
| 04/30/02 | Review Order Granting Motion to Appear Pro Hac Vice, review Motion for expedited hearing with Memo, review motion for issuance of post-judgment Writs of Garnishment and Memo | TD | 4.6 |
| 05/02/02 | Dictate response to RTC's reply to our response to their bill of costs, dictate response to their reply concerning attorney fees, dictate letter to clerk, dictate Response to Motion to Enforce Subpoenas and Compel Production, dictate response to motion for Expedited Hearing, dictate Response to Motion for issuance of Post-Judgment Writs of Garnishment, and Motion for Protective Order; dictate letter to clerk | TD | 12.2 |
| | Telephone conference with Judicial Assistant | DF | 0.3 |

| | | | |
|---|---|---|---|
| 05/06/02 | Review letter from opposing counsel, review RTC's notice of cross appeal (Dell's dismissal), review Notice of Hearing, review Order on Motion for Expedited Hearing | TD | 0.9 |
| | Telephone conference with Judicial Assistant | DF | 0.3 |
| 05/08/02 | Review Notice of Hearing | TD | 0.2 |
| 05/09/02 | Dictate Supplemental Memorandum of Law in Support of Motion to Quash Subpoenas, conference with Ken, dictate Notice of Filing Transcript of Testimony of Stacy Brooks in Support of Motion to Quash Subpoenas, prepare and attend hearing | TD | 6.2 |
| | Prepare, review memo, conference with Tom, attend hearing | KD | 5.1 |
| 05/10/02 | Review faxed letter from attorney Pope to Judge Jenkins and List of Authorities attached | TD | 0.7 |
| 05/13/02 | Review List of Authorities in Support of Discovery Rights; research, dictate Response to Plaintiff's List of Authorities in Support of Discovery Rights | TD | 3.1 |
| | Review response | KD | 1.1 |
| 05/15/02 | Review letter from opposing counsel, review RTC's motion to strike our response to their reply concerning fees, review RTC's motion to strike our response to their reply concerning cost | TD | 0.9 |
| 05/20/02 | Dictate response to motion to strike | TD | 0.5 |
| 05/23/02 | Review and analyze order awarding costs and fees and imposing 1927 sanctions | TD | 2.0 |
| 05/28/02 | Research of law in preparation of motion for rehearing | TD | 4.1 |
| 05/29/02 | Dictate letter to Robert Persante, dictate letter to attorney John Minton, dictate motion for rehearing on 1927 sanctions | TD | 3.3 |

| Date | Description | | Hours |
|---|---|---|---|
| 06/01/02 | Edit motion for rehearing, research sanctions | TD | 5.4 |
| 06/03/02 | Finalize motion for rehearing of the order imposing 1927 sanctions, motion for hearing and motion for sanctions against RTC's counsel, dictate letter to clerk | TD | 4.8 |
| | Review motion for rehearing and sanctions | KD | 2.1 |
| 06/5/02 | Review Notice of Filing | TD | 0.2 |
| 06/10/02 | Review letter from opposing counsel, review RTC's motion for leave to register judgment in Florida under §1963, review motion for entry of judgment on costs and fees | TD | 5.2 |
| 06/11/02 | Research of law concerning registration | TD | 3.2 |
| 06/12/02 | Review letter from attorney John Minton | TD | 0.2 |
| 06/13/02 | Review docket on Pacer | TD | 0.3 |
| 06/14/02 | Dictate Notice of Reliance of Additional Authority; dictate letter to clerk, dictate response to motion for judgment on costs and fees, dictate response on motion to register judgment, dictate letter to clerk, dictate notice of additional authority in support of motion for rehearing on sanctions, research issue | TD | 9.6 |
| 06/17/02 | Dictate notice of appeal - order awarding fees and costs, finalize notice of additional authority in support of motion for rehearing on sanctions, dictate letter to clerk (2) | TD | 3.5 |
| | Prepare fax to clerk | DF | 0.2 |
| 06/19/02 | Dictate notice of reliance in opposition to motion for leave to register judgment, dictate letter to clerk | TD | 1.3 |
| | Prepare fax to clerk | DF | 0.2 |
| 06/21/02 | Review faxed letter from attorney Rosen | TD | 0.2 |
| | Review faxed letter from attorney Rosen | KD | 0.2 |

| | | | |
|---|---|---|---|
| 06/24/02 | Review fax from clerk concerning additional authority, Review RTC's opposition to our motion for rehearing on order imposing sanctions and fees, research standard for reconsideration, review letter from opposing counsel | TD | 2.6 |
| 06/28/02 | Review RTC's reply regarding entry of judgment as to attorneys' fees and costs, review reply regarding registration in Florida, review letter from opposing counsel, review final judgment on §1927, review order on motion to register in Florida, review order on motion for rehearing regarding sanctions, review final judgment on attorneys' fees, conference with Ken Conference with Tom, review various pleadings | TD KD | 3.5 2.8 |
| 07/01/02 | Review faxed letter from attorney Rosen | TD | 0.2 |
| 07/08/02 | Review letter from attorney Rosen | TD | 0.2 |
| 070/9/02 | Review Order | TD | 0.2 |
| 07/10/02 | Review Order | TD | 0.2 |
| 07/12/02 | Dictate amended notice of appeal, dictate letter to clerk, research requirements of bond, dictate supersedeas bond, obtain certified check, dictate letter to clerk | TD | 1.9 |
| 07/17/02 | Telephone conference with opposing counsel Prepare fax to opposing counsel | TD DF | 0.1 0.2 |
| 07/18/02 | Review court's approval of bond | TD | 0.2 |
| 08/20/02 | Review RTC's motion for reconsideration of court's denial to register judgment against the Estate in Florida, review letter from opposing counsel, research law cited | TD | 4.7 |
| 08/22/02 | Research of law on issue presented, dictate response to motion for reconsideration, dictate letter to clerk | TD | 3.3 |

| | | | |
|---|---|---|---|
| 09/09/02 | Review RTC's reply to our response regarding motion for reconsideration, review letter from opposing counsel, conference with Ken | TD | 0.9 |
| 09/11/02 | Review fax from opposing counsel | TD | 0.1 |
| 09/13/02 | Review order denying motion for reconsideration | TD | 0.3 |
| 09/01/03 | Review file, prepare statement for services<br>Prepare statement for services | TD<br>KD | 5.6<br>2.3 |
| 09/02/03 | Review costs, prepare bill of costs<br>Review file, dictate statement for services | TD<br>KD | 3.3<br>2.7 |
| 09/03/03 | Review RTC's Motion for 1927 fees<br>Review RTC's Motion for fees, Research | KD<br>TD | 2.9<br>5.7 |
| 09/04/03 | Research of Law, Dictate draft to 1927 fees<br>Research of law for Defs' Motion for fees | TD<br>KD | 8.2<br>4.8 |
| 09/05/03 | Finalize statement for services<br>Dictate draft for Def's Motion for fees<br>Review draft from Tom for fees, research of law | TD<br>TD<br>KD | 2.8<br>3.9<br>6.7 |
| 09/06/03 | Review notes, edit Def's Motion for fees; Dictate & edit statement for fees | KD | 2.7 |
| 09/08/03 | Dictate services, telephone conference with John Minton | KD | 3.1 |
| 09/09/03 | Dictate Response to RTC motion for 1927 fees | TD | 6.3 |
| 09/10/03 | Review TD's Response to 1927 fees, research, edit response, research multiplier for Def's motion for fees<br>Finalize Response to 1927 fees | KD<br>TD | 6.5<br>2.7 |
| 09/11/03 | Finalize bill of cost | TD | 2.2 |
| 09/12/03 | Edit statement for services, prepare affidavit finalize submissions<br>Dictate affidavit, review motion for fees, | TD | 5.6 |

edit response to motion for sanctions,
telephone call to clerk, dictate 2 letters to clerk
  fax to clerk,                           KD        4.8
Prepare final statement and TD affidavit        DF        3.7
Prepare final Def's Motion for fees and affidavit
  of KD                                 DW        2.9

|  | Rate/hour | Total hours | Amount |
|---|---|---|---|
| TD - Thomas J. Dandar | $400.00 | 697.30 | $278,920 |
| KD - Kennan G. Dandar | 400.00 | 259.90 | 103,960 |
| DF - Debbie Frye, paralegal | 80.00 | 11.10 | 1,184 |
| DW-Donna M. West | 90.00 | 2.90 | 261 |

**LODESTAR TOTAL**                                           **$384,325**

## AFFIDAVIT

STATE OF TEXAS            §
                         §
COUNTY OF SMITH           §

BEFORE ME, the undersigned authority, on this day personally appeared JOHN H. MINTON, who being by me duly sworn upon his oath, deposes and states:

My name is JOHN H. MINTON. I am an attorney licensed by the State of Texas, by the United States District Court for the Eastern District of Texas, and the Fifth Circuit Court of Appeals of the United States. I have practiced law in Tyler, Smith County, Texas, for 45 years. I am familiar through personal knowledge and experience with the services rendered by attorneys in the Tyler, Smith County, area and the reasonable costs of such fees.

I participated in the trial of Religious Technology Center v. Dell Liebreich, et al., in the United States District Court for the Eastern District of Texas, as associate counsel for Dandar & Dandar, attorneys of Tampa, Florida, who represented the defendants in the above case. I specifically make reference to Statements No. 977460 and 977074 of the firm of Potter Minton, A Professional Corporation, reflecting the services performed by me and by Glenn Thames, my partner. In my opinion, based upon my experience and personal knowledge with respect to attorney's fees and the reasonable cost thereof, I state that all of the services reflected by such statements were reasonable and necessary to the assistance of the primary defense in the above case, and that the fees charged for such services were also reasonable, necessary and fair for such services in the Tyler, Smith County, area for attorneys of the experience and capabilities of those performing the services.

I further state that the expenses shown by such statements to have been incurred in connection with such case were also reasonable and necessary to the defense.

_____
JOHN H. MINTON

SWORN TO AND SUBSCRIBED by the said JOHN H. MINTON on this the _10th_ day of September, 2003.

LAURA LEE
MY COMMISSION EXPIRES
November 3, 2004

_____
Notary Public, State of Texas

A03\6620\1\239478

# POTTER MINTON
### A Professional Corporation

MAILING ADDRESS
P.O.BOX 359
TYLER, TEXAS
75710
TELEPHONE
903.597.8311
FACSIMILE
903.593.0846
TAX ID NO.
75-1838979

**ATTORNEYS AT LAW**

DANDAR & DANDAR
ATTN TOM DANDAR
1715 NORTH WESTSHORE BLVD
SUITE 750
TAMPA FL 33607

February 7, 2002
ID: 6620.0001
Statement No: 977074

RE:    LIEBREICH DELL ATS RELIGIOUS TECHNOLOGY CENTER

FOR PROFESSIONAL SERVICES RENDERED THROUGH FEBRUARY 6, 2002:

| DATE | ATTY | HOURS | DESCRIPTION |
|------|------|-------|-------------|
| 01/11/02 | JHM | 0.75 | Telephone conference with Tom Dandar regarding facts of Scientology case and association as local counsel to assist with pre-trial hearing, jury selection and trial on January 24th. |
| 01/14/02 | JHM | 5.50 | Meeting to review pre-trial Order to be entered and Motions in Limine to be filed to Court for pre-trial hearing before Judge Hannah. Work out statement to be given to jury by Court or proposed by Plaintiff. Completion of pre-trial Order signature and filing of same. Conference to Review trial plans and voir dire question for the jury. |
| 01/15/02 | JHM | 3.75 | Conference with clients regarding voir dire to Court for jury selection, instructions from Court regarding trial plans and return. Further conference regarding points in case to emphasize, invocation of "The Rule" against Rosen and related trial plans. Preparation of list of points to emphasize in trial and in argument. |
| 01/24/02 | JHM | 8.75 | Trial of Liebriech case. |

TOTAL PROFESSIONAL SERVICES:                              $   3,750.00

### SERVICES SUMMARY

DANDAR & DANDAR
Page 2

February 7, 2002
ID: 6620.0001
Statement No: 977074

| ATTY | NAME | HOURS | AMOUNT |
|------|------|-------|--------|
| JHM | JOHN MINTON JR. | 18.75 | 3,750.00 |
| | | 18.75 | $3,750.00 |

**STATEMENT TOTAL:**                                          **$   3,750.00**

# POTTER MINTON
## A Professional Corporation

**ATTORNEYS AT LAW**

MAILING ADDRESS
P.O.BOX 359
TYLER, TEXAS
75710
TELEPHONE
903.597.8311
FACSIMILE
903.593.0846
TAX ID NO.
75-1838979

DANDAR & DANDAR
ATTN TOM DANDAR
1715 NORTH WESTSHORE BLVD
SUITE 750
TAMPA FL 33607

March 8, 2002
ID: 6620.0001
Statement No: 977460

RE:   LIEBREICH DELL ATS RELIGIOUS TECHNOLOGY CENTER

FOR PROFESSIONAL SERVICES RENDERED THROUGH MARCH 1, 2002:

| DATE | ATTY | HOURS | DESCRIPTION |
|------|------|-------|-------------|
| 01/13/02 | JHM | 4.25 | Office conference with regarding forty of Federal cases against Executor Mrs. Liebricht. Work on pretrial hearing Motion in Limine items and advice regarding conduct of hearing. Preparation to assist in jury selection and part of trial. |
| 02/28/02 | JHM | 4.50 | Receipt and review of Plaintiff's response to Motion regarding Rosen's Fees. Review of transcripts of trial and Preparation for hearing on Friday. March 1. Telephone conference with Dandar regarding history of discovery no timesheets. |
| 02/28/02 | EGT | 2.25 | Legal research regarding implementation of new federal rules and local rules pertaining to disclosure in preparation for show cause hearing and analysis of court's file for orders impacting same. |
| 03/01/02 | JHM | 2.50 | Completion of preparation and to Federal Court for leaving on Court's Show Cause Order referance Plaintiff's failure to provide detailed time records. Representation of defendant at Hearing. Telephone conference with Tom and Dandar following hearing as to Summary of Plaintiff's Presentation, courts rework and our responses. |

TOTAL PROFESSIONAL SERVICES:                              $   2,621.25

DANDAR & DANDAR                                        March 8, 2002
Page 2                                                  ID: 6620.0001
                                                Statement No: 977460

## SERVICES SUMMARY

| ATTY | NAME | HOURS | AMOUNT |
|------|------|-------|--------|
| JHM | JOHN MINTON JR. | 11.25 | 2,250.00 |
| EGT | E GLENN THAMES | 2.25 | 371.25 |
| | | 13.50 | $2,621.25 |

COSTS ADVANCED:

| | |
|---|---|
| LONG DISTANCE TELEPHONE EXP | 3.46 |
| COPY EXPENSE | 4.40 |

TOTAL COSTS ADVANCED:                                 $      7.86

**STATEMENT TOTAL:**                                  $   2,629.11

# ATTORNEYS' FEES
# FOR
# CIRCUIT COURT

# DANDAR & DANDAR
### A PROFESSIONAL ASSOCIATION
### A T T O R N E Y S

Religious Technology Center v. Liebreich
02-40783; Consolidated 02-40786, Consolidated with 02-40964

| | | | |
|---|---|---|---|
| 06/04/02 | Review acknowledgment of new case; review letter from clerk | TD | 0.3 |
| 06/07/02 | Dictate Appearance of Counsel; dictate Appellate Conference Program; dictate letter to clerk | TD | 1.2 |
| 06/13/02 | Review Pacer | TD | 0.8 |
| 06/17/02 | Dictate mediation report; prepare written list of issues; dictate letter to mediation; prepare brief on Jurisdiction | TD | 8.2 |
| 06/24/02 | Review appearance form from opposing; review Letter from opposing | TD | 0.4 |
| 06/26/02 | Review appearance form from opposing; review letter from opposing | TD | 4.4 |
| 07/8/02 | Review letter from clerk | TD | 0.2 |
| 07/12/02 | Review appearance form from opposing; review letter from opposing; review Pacer; prepare brief | TD | 8.3 |
| 07/15/02 | Review letter from clerk | TD | 0.3 |
| 07/23/02 | Dictate Form for Appearance of Counsel (02-40964); dictate letter to clerk; dictate Appellants Motion to Consolidate; dictate letter to clerk; prepare Brief | TD | 8.6 |

| Date | Description | Initials | Hours |
|---|---|---|---|
| 07/24/02 | Review Pacer | TD | 0.4 |
| 07/29/02 | Review acknowledgment of new case (2) | TD | 0.3 |
| 08/01/02 | Dictate letter to district court clerk; dictate letter to appeals court clerk; prepare brief | TD | 5.6 |
| 08/07/02 | Review Response to Appellant's Motion to Consolidate and Cross-Motion to Consolidate; Review letter from opposing; edit brief | TD | 10.9 |
| 08/12/02 | Review letter from clerk | TD | 0.2 |
| 08/19/02 | Dictate draft initial brief | TD | 11.2 |
| 08/21/02 | Telephone conversation with court of appeals clerk; dictate letter to clerk, edit brief | TD | 9.7 |
| 08/22/02 | Review letter from opposing to clerk; revise brief | TD | 10.2 |
| 09/09/02 | Revise initial brief | TD | 10.6 |
| 09/10/02 | Review brief; prepare record excerpts | TD | 9.2 |
| | Review and revise brief | KD | 5.8 |
| 09/11/02 | Dictate Defendant - Appellant's Motion For Leave to File Extra-length Brief; Finalize Defendant - Appellant's Initial Brief; dictate letter to clerk (2) | TD | 12.3 |
| 09/16/02 | Review letter from clerk; review Pacer; edit brief | TD | 9.2 |
| 09/17/02 | Finalize Initial Brief of Thomas Dandar and Kennan Dandar; Prepare Record Excerpts of Thomas and Kennan Dandar; dictate letter to clerk (2); Review letter from opposing to clerk | TD | 12.4 |
| | Review and revise brief | KD | 4.7 |
| 09/20/02 | Dictate Appellants' Motion for Leave to File a Separate Brief; dictate letter to clerk, prepare brief | TD | 10.6 |
| 09/23/02 | Prepare reply brief | TD | 9.7 |

| 09/24/02 | Dictate letter to client; prepare brief | TD | 10.4 |
|---|---|---|---|
| 09/26/02 | Review Response to Appellant's Motion for leave To file extra length brief, review letter from opposing; review brief of appellant; review records excerpts; review letter from opposing to clerk; review letter from clerk | TD | 5.6 |
| 10/01/02 | Dictate Appellants' Amended Motion for Leave to File a Separate Brief; dictate letter to clerk | TD | 1.9 |
| 10/09/02 | Review fax from clerk; edit brief | TD | 7.3 |
| 10/11/02 | Review letter from clerk; edit brief | TD | 3.2 |
| 10/14/02 | Review Notice of Appeal | TD | 0.2 |
| 10/17/02 | Finalize Appellant's Revised Initial Brief; dictate Appellant's Second Motion For Leave to File Extra-length Brief; dictate letter to clerk; finalize Answer Brief of Dell Liebreich; dictate letter to clerk Review and edit brief | TD KD | 13.8 5.1 |
| 10/22/02 | Dictate Appellant's Revised Second Motion for Leave to File Extra-Length Brief; dictate letter to clerk; review order; edit brief; review letter from clerk with docketing papers | TD | 9.0 |
| 10/23/02 | Review Pacer | TD | 0.3 |
| 10/24/02 | Review letter from clerk; edit brief | TD | 4.8 |
| 10/29/02 | Review letter from clerk; research | TD | 2.3 |
| 10/30/02 | Telephone conference with clerk | TD | 0.3 |
| 11/04/02 | Review motion for extension of time to file reply brief; review letter from clerk | TD | 0.8 |

| | | | |
|---|---|---|---|
| 11/05/02 | Prepare Initial Brief of Dell Liebreich; prepare records excerpts (Dell); finalize revised initial brief (Dell); prepare records excerpts (Dandar); finalize brief (Dandar) | TD | 10.7 |
| | Review briefs | KD | 6.3 |
| 11/06/02 | Dictate letter to clerk | TD | 0.4 |
| 11/07/02 | Review Opposition to Appellant's Revised Second Motion for Leave to file extra length brief; review motion for extension of time; review letter from opposing to clerk; dictate motion to dismiss appeal; legal research | TD | 3.1 |
| 11/11/02 | Review order | TD | 0.4 |
| 11/15/02 | Review Motion for leave to file separate brief; Review letter from opposing to clerk | TD | 0.8 |
| 12/03/02 | Review letter from opposing to clerk | TD | 0.3 |
| 12/16/02 | Dictate certificate of interested persons; dictate motion to strike reply brief; dictate letter to clerk | TD | 1.3 |
| 01/06/03 | Review order; Review Opposition to Appellant's Motion to Strike portions of reply brief Review Brief of Appellee; review record excerpts; Review Brief of Appellee; review record excerpts; Telephone conference with clerk; telephone conference with opposing; telephone conference with clerk | TD | 8.3 |
| | Review RTC's brief | KD | 4.8 |
| 01/07/03 | Telephone conference with clerk; review opposition to motion to strike reply brief | TD | 1.0 |
| 01/08/03 | Telephone conference with clerk; dictate letter to clerk; telephone conference with opposing | TD | 0.5 |
| 01/09/03 | Dictate Appellees, Thomas Dandar and Kennan Dandar, Motion for Extension of Time to File Reply Brief; dictate Appellee, Dell Liebreich, Motion for Extension of Time to File Reply Brief; dictate letter to clerk; telephone conference with opposing | TD | 2.3 |

| Date | Description | | |
|---|---|---|---|
| 01/13/03 | Dictate Appellants, Thomas Dandar and Kennan Dandar, Amended Motion for Extension of Time to File Reply Brief; dictate Appellant, Dell Liebreich, Amended Motion for Extension of Time to File Reply Brief; dictate Appellants' Motion for Leave to File a Separate Reply Brief; dictate letter to clerk; review letter from clerk to opposing; review order | TD | 1.6 |
| 01/15/03 | Review letter from opposing to clerk | TD | 0.3 |
| 01/17/03 | Dictate Appellants, Thomas Dandar and Kennan Dandar, Second Amended Motion for Extension of Time to File Reply Brief; dictate Appellant, Dell Liebreich, Second Amended Motion for Extension of Time to File Reply Brief; dictate letter to clerk; review letter from clerk; review motion to dismiss by RTC | TD | 1.2 |
| 01/21/03 | Dictate Appellant, Dell Liebreich, Reply Brief; prepare Appellant, Dell Liebreich, Supplemental Record Excerpts; dictate Appellant, Dell Liebreich, Motion to Accept Reply Brief Out of Time; dictate Appellants, Thomas Dandar and Kennan Dandar Reply Brief; dictate Appellants, Thomas Dandar and Kennan Dandar, Motion to Accept Reply Brief Out of Time; dictate Appellants Motion for Attorney Fees; dictate letter to clerk (2); review order | TD | 8.0 |
| | Review and revise brief | KD | 4.3 |
| 01/22/03 | Review amended brief of Appellee; review supplemental record excerpts; review amended brief; review supplemental record excerpts; review letter from opposing to clerk; | TD | 4.9 |
| | Review Appellees brief and excerpts | KD | 3.7 |
| 01/23/03 | Telephone conference with clerk; dictate letter to clerk; dictate Appellants Motion for Leave to File Supplemental Record Excerpts; dictate letter to clerk | TD | 3.1 |

| Date | Description | Init | Hours |
|---|---|---|---|
| 01/29/03 | Review letter from clerk | TD | 0.2 |
| 02/03/03 | Review letter from clerk | TD | 0.2 |
| 03/05/03 | Review opposition to Appellant's motion for Attorney fees; review letter from opposing | TD | 0.7 |
| 03/06/03 | Telephone conference with clerk; dictate letter to clerk | TD | 0.4 |
| 03/24/03 | Review order | TD | 0.3 |
| 03/28/03 | Legal research | TD | 2.5 |
| 04/21/03 | Review letter from clerk | TD | 0.3 |
| 05/05/03 | Review notice from clerk | TD | 0.2 |
| 05/07/03 | Review Pacer | TD | 0.5 |
| 05/16/03 | Dictate form re calendar schedule for oral argument; dictate letter to clerk | TD | 0.6 |
| 05/22/03 | Legal research; dictate supplemental authority | TD | 4.3 |
| 05/29/03 | Legal research | TD | 3.9 |
| 05/30/03 | Dictate Appellant's Motion for Leave to File Supplemental Authority Under Rule 28.5; dictate letter to clerk; legal research | TD | 1.2 |
| 05/31/03 | Legal research | TD | 1.4 |
| 06/01/03 | Travel to New Orleans (1 hr, 45 mins); conference with Ken; review briefs; prepare for oral argument | TD | 9.0 |
| | Travel to New Orleans (1 hr, 45 mins); conference with Tom; review briefs; assist in preparation for oral argument | KD | 8.0 |

| 06/02/03 | Attend oral argument; travel back to Tampa | TD | 12.0 |
| | Attend oral argument; travel back to Tampa | KD | 12.0 |
| 06/03/03 | Review letter from clerk | TD | 0.3 |
| 06/06/03 | Review order | TD | 0.4 |
| 06/10/03 | Review Motion for leave to file supplemental memorandum; review letter from opposing to clerk | TD | 0.5 |
| 06/11/03 | Dictate Appellant's Motion to Strike Appellee's Motion for Leave to File Supplemental Memorandum and Supplemental Memorandum; dictate letter to clerk | TD | 1.2 |
| 06/13/03 | Review Motion for leave to file supplemental memorandum; Review letter from opposing to clerk | TD | 0.7 |
| 07/16/03 | Review Pacer | TD | 0.5 |
| 07/28/03 | Telephone conference with clerk; review Pacer | TD | 0.7 |
| 07/30/03 | Review court's decision; review letter from clerk | TD | 1.0 |
| 08/04/03 | Dictate notice of change of address; dictate Appellant, Dell Liebreich, Bill of Costs; dictate Appellants, Thomas J. Dandar and Kennan G. Dandar, Bill of Costs; dictate Appellee, Dell Liebreich, Bill of Costs; dictate letter to clerk | KD | 2.5 |
| 08/07/03 | Dictate Appellant, Dell Liebreich, Appellants, Thomas J. Dandar and Kennan G. Dandar, and Appellee, Dell Liebreich, Motion for Sanctions and Attorney Fees; dictate letter to clerk; review Petition for Panel Rehearing; review letter from opposing to clerk | KD | 1.3 |
| 08/12/03 | Review letter from clerk | TD | 0.2 |

| 08/22/03 | Review order | TD | 0.2 |
|---|---|---|---|
| 08/25/03 | Review orders | TD | 0.3 |
| 08/29/03 | Dictate Appellee, Dell Liebreich, Motion for Clarification And/or Reconsideration; dictate letter to clerk, legal research | TD | 3.1 |
| 09/02/03 | Review letter from appeals clerk to district clerk | TD | 0.7 |
| 09/05/03 | Telephone conference with clerk; telephone conference with opposing; dictate letter to clerk | TD | 0.3 |
| 09/12/03 | Review letter from clerk | TD | 0.2 |

|  | | Rate/hour | Total hours | Amount |
|---|---|---|---|---|
| TD | Thomas J. Dandar | $400.00 | 314.90 | $125,960.00 |
| KD | Kennan G. Dandar | 400.00 | 58.50 | 23,400.00 |

**LODESTAR TOTAL**                                             **$149,360.00**